416 P.2d 521

GOODYEAR TIRE AND RUBBER COMPANY, Plaintiff-Appellee,

v.

Hurchel H. WILLIAMS, d/b/a Williams Oil Company, Defendant-Appellant.

No. 7802.

Supreme Court of New Mexico.

July 11, 1966.

Ray B. Jones, Holbrook, Ariz., for appellant.

Palmer & Frost, Farmington, for appellee.

OPINION

NOBLE, Justice.

Hurchel H. Williams, d/b/a Williams Oil Company, defendant below, has appealed from a judgment against him and in favor of Goodyear Tire and Rubber Company, plaintiff below, on account of a balance on a promissory note and an open account.

The trial court found that Williams, a franchise dealer of Goodyear products, executed an instrument by which he agreed to be responsible for all merchandise ordered in the name of Williams Oil Company; that up to March, 1963, Williams, either personally or through his agents, ordered merchandise from Goodyear which was charged to Williams' open account; and, that Williams was indebted to Goodyear on the open account in the sum of $7,200.18.

It is not denied that in November, 1962, Williams leased his filling station to Dewey E. Ray, and that Williams and Ray, with the knowledge of Goodyear, entered into a "book credit agreement," whereby Ray executed his promissory note to Williams in the sum of $4,980.00 for the purpose of securing a credit in that amount from Goodyear, and Ray became an associate Goodyear dealer. Williams assigned the note, secured by an "assignment of accounts and inventory," with recourse to Goodyear. In April, 1963, there was a principal balance remaining on the note of $1,710.95. Judgment was rendered against Williams on both the open account and the note.

 Williams attacks the trial court's finding:

"That thereafter [March 21, 1961] and up to March of 1963 the defendant, either personally or through his agents ordered from the plaintiff certain merchandise which were charged to the open account of the defendant with the plaintiff[,]"

as lacking substantial support in the evidence. Our careful review of the record convinces us that the finding has substantial support in the evidence. There is testimony that after the lease of the filling station to Ray, he signed all orders for Goodyear merchandise in the name of Williams Oil Company. On occasions, Williams was present and saw Ray order such merchandise in the name of Williams Oil Company. There is likewise testimony that prior to the Ray transaction most orders for Good-

year merchandise were made by employees of Williams. In addition, the court found:

"That on March 21, 1961, the defendant executed and presented to the plaintiff Goodyear Tire and Rubber Company a statement of ownership wherein he agreed to be responsible for all goods ordered from the plaintiff in the name of Williams Oil Company."

That finding, not being attacked, is binding upon the Supreme Court on appeal, Petty v. Williams, 71 N.M. 338, 378 P.2d 376, and supports the judgment based upon the open account.

Williams also argues that since he had a security interest in all of Ray's accounts receivable, Goodyear was required to first apply all credits to the note. However, since Williams was liable to Goodyear on both the open account and the note, the question as to application of credits between the two accounts is unimportant, and our decision respecting the judgment as to the open account makes its unnecessary to determine the question of priority of application of the credits.

Finding no error, the judgment appealed from should be affirmed. It is so ordered.

CARMODY, C. J., and COMPTON, J., concur.