482 P.2d 70

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Richard LUCERO, Defendant-Appellant.**

**No. 480.**

Court of Appeals of New Mexico.

Feb. 19, 1971.

See also 81 N.M. 578, 469 P.2d 727.

Paul "Pablo" Marshall, Socorro, Jack Love, Albuquerque, for defendant-appellant.

David L. Norvell, Atty. Gen., Santa Fe, Mark B. Thompson, III, Asst. Atty. Gen., for plaintiff-appellee.

## OPINION

HENDLEY, Judge.

Defendant appeals his conviction of rape. He raises three points for reversal, namely, (1) jurisdiction of the State to try the crime, (2) failure to give a tendered instruction, and (3) failure of the trial court to honor an affidavit of disqualification.

We affirm.

## JURISDICTION OF THE STATE TO TRY THE CRIME.

Defendant contends that the crime occurred on the Isleta Pueblo and since the State failed to prove that Indians were not involved the court was without jurisdiction to try the crime. Even assuming that defendant accurately states the rule that the State has the burden of proving the non-Indian status of the defendant, after it has been shown that a crime occurred in Indian Country, there is no basis for application of the assumed rule in this case.

■ The police officer testified that he knew the scene of the crime was in Bernalillo County but he did not know whether it was on the Isleta Pueblo. The evidence is that the rape occurred in Bernalillo County but there is no evidence that the rape occurred on lands of the Indian reservation. Absent some showing that the crime occurred on Indian land, there is no basis for considering the legal claim raised by defendant.

■ Further, it is a fundamental rule that the burden of demonstrating want of jurisdiction rests upon the party asserting such want, particularly where the challenge is applied to a court exercising general jurisdiction as is the case here. State v. Reyes, 78 N.M. 527, 433 P.2d 506 (Ct.App.1967). Defendant failed in his burden of demonstrating want of jurisdiction.

## DEFENDANT'S REQUESTED INSTRUCTION.

■ Defendant's requested instruction was denied. It stated:

"You are further instructed that the Court takes judicial notice of the laws of nature and the scientific facts connected with the human anatomy and this Court takes judicial notice of the fact that a female, who has never previously had intercourse and whose maidenhood has never before been penetrated, will ordinarily hemorrhage and bleed to a

considerable extent, after indulging her first act of sexual intercourse, and you, as jurors, are bound to accept this scientific fact as true in weighing the evidence in this case."

Defendant cites neither medical nor legal authority to support the instruction. Novak v. Dow, 82 N.M. 30, 474 P.2d 712, (Ct.App.1970).

 Further, a medical witness refused to substantiate defendant's theory proposed by the instruction. The court could not take judicial notice of a fact on which the medical evidence did not show the medical profession to be in unanimous accord. Rozelle v. Barnard, 72 N.M. 182, 382 P.2d 180 (1963); State v. Moore, 42 N.M. 135, 76 P.2d 19 (1938).

## AFFIDAVIT OF DISQUALIFICATION.

Section 21–5–9, N.M.S.A.1953 (Repl. 1970) requires that the affidavit of disqualification be filed not less than ten days before the beginning of the term of court, if the case is at issue. Defendant concedes that the affidavit was not timely filed and that the case was at issue but asserts that there is no longer a sound basis for the arbitrary rule as long as the affidavit is filed in time for another judge to take the case since there are now multi-judge districts in New Mexico. Whatever merit there may be to this argument is a matter for legislative consideration. The Legislature provided the time for filing the affidavit of disqualification in § 21–5–9, supra. Our duty is to uphold that law. Not having taken precaution to preserve his right, defendant cannot now complain. State v. Baca, 81 N.M. 686, 472 P.2d 651 (Ct.App.1970) cert. denied 81 N.M. 721, 472 P.2d 984.

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.