499 P.2d 1005

Jack BEGAY and Mable Begay, Plaintiffs-Appellants,

v.

FIRST NATIONAL BANK OF FARMINGTON, Defendant-Appellee.

George KELLYWOOD and Bessie Kellywood, Plaintiffs-Appellants,

v.

FIRST NATIONAL BANK IN ALBUQUERQUE, Defendant-Appellee.

Nos. 835, 837 (Consolidated).

Court of Appeals of New Mexico.

June 23, 1972.

Rehearing Denied July 14, 1972.

Certiorari Denied Aug. 4, 1972.

Richard W. Hughes, Richard B. Collins, Jr., Michael R. Serwatka, Paul Biderman, John P. Gascoyne, Richard Fahey, Shiprock, Attorneys for Appellants (Nos. 835 and 837).

Richard L. Gerding, Tansey, Rosebrough, Roberts & Gerding, Jack M. Morgan, Farmington, for appellee First National Bank of Farmington.

Duane C. Gilkey, Rodey, Dickason, Sloan, Akin & Robb, P. A., Albuquerque, for appellee First National Bank of Albuquerque.

## OPINION

SUTIN, Judge.

The Begay and Kellywood cases were consolidated on appeal.

## BEGAY

Begay sued the First National Bank of Farmington for unlawful repossession and conversion of a pickup truck by the bank. The bank moved to dismiss the complaint. The parties stipulated and agreed to the findings of fact and conclusions of law. The trial court found that the "stipulated findings of fact and conclusion [sic] of law should be and they are hereby adopted" and ordered that the "case be and it is hereby dismissed."

Begay now contends that the district court erroneously concluded, (1) that 7 Navajo Tribal Code §§ 307–309 is not material to and did not affect the rights of the parties with regard to repossession and sale of the pickup; (2) that Begay's complaint did state a claim upon which relief could be granted.

The stipulated findings became the facts of this case on appeal. We note that the findings support the trial court's conclusions of law. Therefore, no error was committed in the trial court.

Affirmed.

## KELLYWOOD

George and Bessie Kellywood are Navajo Indians, who reside on the Navajo Reservation in the State of New Mexico. They sued the First National Bank in Albuquerque for unlawful repossession on Indian land of a pickup truck, and conversion thereof. The parties stipulated that there were two issues to be decided, (1) whether the plaintiffs' amended and supplemental complaint fails to state a claim upon which relief can be granted, and (2) whether a permament injunction, restraining and enjoining the defendant from selling the pickup truck which was repossessed, should be issued. They further stipulated that the matter would be submitted to the court for decision based upon the pleadings and affidavits of the parties and oral testimony of one of the bank's witnesses. The trial court made findings of fact and conclusions of law, and dismissed

the complaint with prejudice. Kellywoods appeal.

We affirm.

■■ Kellywood did not attack any of the findings of fact or conclusions of law. Findings of fact by the court not objected to are facts upon which the case rests on appeal. Goodyear Tire and Rubber Company, 76 N.M. 509, 417 P.2d 521 (1966); Hopkins v. Martinez, 73 N.M. 275, 387 P.2d 853 (1963). Failure to find facts on a material point in issue will be regarded on appeal as a finding against the party having the burden of proof. Hopkins v. Martinez, supra.

Kellywood states in the brief in chief:

It should be noted that what is in dispute here is a very narrow issue, namely, the procedure which the defendant should have followed in taking possession of property which was subject to a security interest. There is no question raised about the validity of the contract which created the security interest, or about the validity of the security interest itself, or about the secured party's right to repossess upon default. Plaintiff concedes that a dispute over these matters would properly be decided according to the law of New Mexico. *The only issue here is the manner of repossession, and it is plaintiff's contention that this issue should be decided according to the law of the situs at the time of repossession.* [Emphasis added].

A. *Material Findings and Conclusions of the Trial Court.*

A summary of the findings made by the trial court material to the issue show:

The retail installment contract for the sale and purchase of the pickup truck was executed by Kellywood in Albuquerque, New Mexico, on June 24, 1969. Since December of 1969, Kellywood was never current in making the payments required by the contract. During the delinquency, the bank notified Kellywood that if the delinquent payments were not brought current, the pickup truck would be repos-

sessed pursuant to the terms of the contract. On the morning of February 17, 1971, when Kellywood was delinquent for three monthly payments, the bank's employee came to the parking lot of the Shiprock Boarding School in Shiprock, New Mexico, and repossessed the pickup truck. No one was present. There was no force or violence, or threat of violence during the repossession. The bank immediately notified Kellywood of the repossession and allowed five days to pay the full balance due. The contract provided that it shall be construed in accordance with the laws of the state of New Mexico.

The trial court concluded that the bank had a legal right to effect repossession of the pickup truck; that the repossession was in full accordance and compliance with the applicable law of the State of New Mexico, and the rights of the bank under the contract.

B. *Situs of Repossession not Found on Navajo Reservation.*

■ The trial court found that the pickup truck was repossessed at the parking lot of the Shiprock Boarding School in Shiprock, New Mexico. This finding was not attacked. It is conclusive on appeal and will not be set aside regardless of whether this court agrees with the trial court. Maryland Casualty Company v. Jolly, 67 N.M. 101, 352 P.2d 1013 (1960).

■ Kellywood had the burden of establishing that the situs of the repossession was on Navajo Reservation land. The trial court failed to make such a finding. Absent such a finding, Kellywoods' claim is wholly without foundation because that failure is regarded as finding such material fact against the Kellywoods. Hopkins v. Martinez, supra.

Affirmed.

It is hereby ordered that the judgments in Begay and Kellywood are hereby affirmed.

It is so ordered.

HENDLEY and HERNANDEZ, JJ., concur.