542 P.2d 61

**In the Matter of John DOE, a child, Appellant.**

**No. 2009.**

Court of Appeals of New Mexico.

Oct. 21, 1975.

**482**

C. A. Bowerman, Albuquerque, for appellant.

Toney Anaya, Atty. Gen., Ralph W. Muxlow, II, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

HENDLEY, Judge.

This is a proceeding under the Children's Code, §§ 13–14–1 to 13–14–45, N.M.S.A. 1953 (Repl.Vol. 3, 1968, Supp.1973). The child appeals a commitment order alleging one ground for reversal; that the trial court erred in its refusal and failure to advise the child of his rights under the Children's Code and other laws. We affirm.

At the hearing the trial judge was apprised by both the Children's Court attorney and the defense attorney that the Children's Code requires that a child be advised of his rights each time that he appears before the court. Section 13–14–28(A), supra. The court refused to do so because the child was represented by counsel. Defense counsel stated: " * * * I believe he does have counsel, he has been advised, but, I think that the Court is directed in all proceedings concerning juveniles to read them their rights and assure itself of their understanding of them."

Section 13–14–25(K), supra, provides:

" * * * Persons afforded rights under the Children's Code shall be advised of these rights and any other rights existing under other laws no later than the time of their first appearance in a proceeding on a petition under the Chil-

dren's Code and at any other time specified in the Children's Code or other law if that occurs prior to the proceeding. Persons shall be advised of their rights at each appearance before the court."

Section 13–14–28(A), supra, provides:

" * * * The court shall advise persons before the court of their basic rights under the Children's Code [13–14–1 to 13–14–45] and other laws at each separate appearance."

The child does not claim any prejudice nor does he claim that he was not otherwise advised by his attorney of his constitutional or other legal rights. We agree with appellant that the court has an obligation to advise children before the court of their rights under the Children's Code and other laws at each separate appearance. However, the sections do not stand alone or in a vacuum. Those sections of the Children's Code must be read in light of the legislative purposes expressed in the Code. Section 13–14–2(E), supra, states one of the objectives of the legislature.

" * * * to provide judicial and other procedures through which the provisions of the Children's Code are executed and enforced and in which the parties are assured a fair hearing and their constitutional and other legal rights recognized and enforced."

On the state of the record before us there is no showing that the child's constitutional and other legal rights were not protected. Absent a claim of not being otherwise fully advised of his constitutional or other legal rights, we fail to see how the child was hurt. Compare *State v. Elledge,* 81 N.M. 18, 462 P.2d 152 (Ct.App. 1969).

The judgment and sentence are affirmed.

It is so ordered.

WOOD, C. J., and LOPEZ, J., concur.