554 P.2d 669

**In the Matter of John DOE, a child, Appellant.**

**No. 2555.**

Court of Appeals of New Mexico.

Aug. 3, 1976.

Certiorari Denied Sept. 27, 1976.

508

Theodore E. Lauer, Lauer & Lauer, Santa Fe, for appellant.

Toney Anaya, Atty. Gen., Louis Valencia, Asst. Atty. Gen., Santa Fe, for appellee.

## OPINION

WOOD, Chief Judge.

The child was charged with a delinquent act—the murder of a two-month-old baby. The Children's Court, after a hearing, transferred the matter to the District Court so that the child could be prosecuted as an adult. This appeal involves the propriety of that transfer. The issues involve the sufficiency of the evidence to support the transfer; the issues concern: (1) reasonable grounds for transfer, and (2) age of the child.

*Reasonable Grounds*

The child claims that the evidence was insufficient to permit the court to find that

he committed the various elements of murder, that he was not mentally ill, and that he was not amenable to treatment and rehabilitation as a child in available facilities. The child argues these claims on the basis that the evidence must be sufficient to sustain a finding that the child did in fact commit murder, was in fact not mentally ill, and was in fact not amenable to treatment and rehabilitation in available facilities.

The child's contentions ignore the provisions of the statute. Section 13–14–27, N. M.S.A.1953 (Repl.Vol. 3, pt. 1) provides for a transfer hearing. Paragraph (A)(4) of that section states:

"(4) the court finds upon the hearing that there are reasonable grounds to believe that:

"(a) the child committed the delinquent act alleged; and

"(b) the child is not amenable to treatment or rehabilitation as a child through available facilities; and

"(c) the child is not committable to an institution for the mentally retarded or mentally ill; and

"(d) the interests of the community require that the child be placed under legal restraint or discipline."

The statute requires the court to find there are *reasonable grounds* to believe that (a), (b), (c) and (d) exist.

*Yucca Ford, Inc. v. Scarsella*, 85 N.M. 89, 509 P.2d 564 (Ct.App.1973) states: " 'Reasonable grounds' pertain to facts and circumstances which would warrant a prudent and cautious person in believing that the one arrested was guilty of an offense."

As used in § 13–14–27(A)(4), supra, reasonable grounds means facts and circumstances which would warrant a prudent and cautious person in believing that the child came within the requirements of items (a), (b), (c) and (d) of Pargraph (A)(4).

The facts and circumstances set forth in the docketing statement show the existence of the required reasonable grounds.

*Age*

In the docketing statement it is asserted that the child's attorney recalls no testimony at the transfer hearing as to the age of the child. The claim is that age is jurisdictional and without substantial evidence at the transfer hearing as to the child's age, the Children's Court did not have jurisdiction to transfer the child to District Court.

Paragraph (A)(4) of § 13–14–27, supra, does not require a finding of age "upon the hearing". The age requirement is stated in Paragraph (A)(1). That paragraph states that the child "was sixteen [16] years of age or more at the time of the conduct alleged to be a delinquent act".

If the record establishes the age, the age requirement of Paragraph (A)(1) of § 13–14–27, supra, is met regardless of whether evidence of age was introduced at the transfer hearing. The Children's Court petition alleges the child's birthdate and the date of the offense. These dates indicate the child came within the age requirement. Although the child contested the transfer on various grounds, no issue was raised as to the child's age. In this state of the record we cannot say the Children's Court was without jurisdiction to transfer the child. See *State v. Lucero*, 82 N.M. 367, 482 P.2d 70 (Ct.App.1971); Compare, *Begay v. First National Bank of Farmington*, 84 N.M. 83, 499 P.2d 1005 (Ct.App. 1972).

The child also contends that § 13–14–27.1, N.M.S.A.1953 (Repl.Vol. 3, pt. 1) is unconstitutional. We do not consider this contention because the transfer under § 13–14–27, supra, was proper.

The transfer order is affirmed.

IT IS SO ORDERED.

HENDLEY, J., concurs.

SUTIN, J., dissenting.

SUTIN, Judge (dissenting).

I dissent.

John Doe appeals an Order of the Children's Court that transferred him to Dis-

**510**

trict Court for prosecution as an adult for murder of his two-month-old child.

I dissent because the majority opinion has affirmed the transfer, absent a transcript of the proceedings below. This is a matter of first impression in New Mexico.

Section 13–14–27, N.M.S.A.1953 (Repl. Vol. 3, pt. 1) controlled the proceedings in the Children's Court.

*Subsection A* provides that the Children's Court may transfer a child for prosecution in the District Court after a petition has been filed that charged the child, 16 years of age or more, with a felony. A hearing is held to determine whether there are reasonable grounds to believe that the child committed a felonious delinquent act; that he is not amenable to treatment or rehabilitation, is not committable to an institution for the mentally retarded or mentally ill, and the interests of the community require that the child be placed under legal restraint or discipline. Notice in writing of the hearing must be given the child and his parents at least three days prior thereto.

*Subsection B* provides that the court must first hear all evidence relative to the felonious delinquent act alleged and make a specific finding thereof, and then hear any evidence relevant to the other issues.

*Subsection C* provides that the child not be prosecuted in the District Court unless the case has been transferred as provided in this section or *§ 13–14–27.1.*

A. *The Record in the District Court*

On February 24, 1976, a petition was filed in the Children's Court of Lea County that John Doe was in need of care and rehabilitation, was a delinquent child in need of supervision; that the fact which gave rise to the petition was John Doe's murder of his child on February 22, 1976, contrary to § 40A–2–1 (murder in the first and second degrees).

On the same day, the attorney for the State filed a petition that a hearing be held to determine whether John Doe, 16 years of age, should be transferred to

criminal court for trial as an adult for murder.

The parties stipulated that a neurological examination was necessary to a fair determination of the issues and John Doe was transported for neurological examination. The record is silent on whether an examination took place, and, if it did take place, what the results were.

The record indicates that a hearing was held on March 30, 1976, but no notice of the hearing appears as required by § 13–14–27(A)(3).

On April 12, 1976, the State filed requested findings and conclusions. On April 28, 1976, John Doe filed requested findings and conclusions.

On April 28, 1976, the trial court handed down its decision in which it concluded (1) that John Doe be transferred to District Court for prosecution as an adult; (2) *that § 13–14–27.1, N.M.S.A.1953 is not unconstitutional,* and John Doe is transferrable and *is transferred to District Court for prosecution under §§ 13–14–27 and 13–14–27.1,* N.M.S.A.1953.

On the same day, the Order was entered that John Doe be transferred to District Court for prosecution as an adult.

On May 3, 1976, Notice of Appeal was filed.

B. *The Record in Court of Appeals*

On May 13, 1976, John Doe filed a Docketing Statement pursuant to Rule 205 of the Criminal Appellate Procedure Rules. Section 41–23A–205, N.M.S.A.1953. After a corrected Docketing Statement was filed, a member of this Court assigned this case to the "legal" calendar under Rule 207(c). A transcript of the proceedings was not ordered by this Court. John Doe moved to reassign this case to the "general" or "limited" calendar so that a transcript of the proceedings in the hearing before the Children's Court would be available on appeal. A member of this Court denied the motion.

Our review is limited to a skeleton record.

C. *John Doe has been denied his right to a transcript of the proceedings.*

John Doe was entitled to a transcript of the proceedings held in the Children's Court.

Section 13–14–36(A) and (D) of the Children's Code reads:

A. Any party may appeal from a judgment of the court to the court of appeals in the manner provided by law. *The appeal shall be heard by the court of appeals upon the* files, records and *transcript of the evidence of the children's court.* The name of the child shall not appear in the record on appeal.

\*   \*   \*   \*   \*   \*

D. A child who has filed notice of appeal *shall be furnished a transcript of the proceedings*, or as much of it as is requested, without cost upon the filing of an affidavit . . .. [Emphasis added].

A transcript of the proceedings is essential to a fair determination of the issues raised on this appeal. I believe the trial court had reasonable grounds to believe that John Doe killed his child. I hesitate to agree, *without any evidence*, that he killed his child "with malice aforethought, with deliberation, by an act greatly dangerous to the lives of others", etc.; that he was not mentally ill; that he is not amenable to treatment and rehabilitation as a child in available facilities, all as found by the trial court.

We should order a transcript of the proceedings and amended briefs before we arrive at our decision in this case.

D. *The issues on this appeal are dependent on the evidence.*

John Doe's Docketing Statement raised the following issues: (1) whether there was sufficient evidence to support the court's findings; (2) whether § 13–14–27.1 is constitutional. (The trial court transferred this case to the District Court pursuant to §§ 13–14–27 *and* 13–14–27.1.) (3) The trial court abused its discretion in ordering this case transferred.

The issues on this appeal are dependent on the evidence. A 16-year-old young man, charged with murder of his own two-month-old child, is entitled to a fair review of the transfer ordered in the Children's Court.