576 P.2d 1137

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**John DOE, a child, Defendant-Appellant.**

**No. 3283.**

Court of Appeals of New Mexico.

March 7, 1978.

Writ of Certiorari Denied March 30, 1978.

Charles R. Finley, Albuquerque, for defendant-appellant.

Toney Anaya, Atty. Gen., Suzanne Tanner, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Chief Judge.

The Children's Court petition alleged the child committed the delinquent act of murder. The child has been transferred to the jurisdiction of the district court for further proceedings on a charge of murder. The appeal attacks the validity of the transfer. Involved are §§ 13–14–2, 13–14–3, 13–14– 25, 13–14–27, 13–14–27.1, 13–14–28, 13–14– 30 and 13–14–32, N.M.S.A.1953 (Repl. Vol. 3, pt. 1). Reference to a "rule" means a Children's Court Rule. Reference to the court means the Children's Court. We dis-

cuss: (1) constitutionality of § 13–14–27.1, supra; (2) an admission assertedly prohibiting a transfer; (3) compliance with § 13–14–27.1, supra; and (4) mental illness.

*Constitutionality*

The constitutional claims relate to age, type of offense, and vagueness.

Section 13–14–27.1(A)(1), supra, authorizes a transfer of a child, 15 years of age or older, on a murder charge and transfer of a child, 16 years of age or older, on charges involving the other specified offenses. The child asserts the age and offense classifications are irrational and violate equal protection of the law. He questions the exclusion of 14-year-olds from the transfer statute, the age of 15 to transfer for murder, and the age of 16 to transfer for the other crimes named in the statute. He asserts that if transfer is based on the seriousness of the crime, then there is no reason for age limit. He asserts that if transfer is based on age, then there is no reason to specify the type of crime.

■ If the legislative classification is reasonable, the classification is valid. The test of reasonableness is not whether this Court deems the legislation reasonable; rather, it is whether the Legislature had a reasonable basis for the classification. *Espanola Housing Authority v. Atencio,* 90 N.M. 787, 568 P.2d 1233 (1977). In determining whether the legislative classification is reasonable, we consider the purpose of the statute. *Howell v. Burk,* 90 N.M. 688, 568 P.2d 214 (Ct.App.1977).

■ The claimed improper classification on the basis of offenses is frivolous. Any transfer of a child to district court for a criminal trial requires a felony offense. See § 13–14–27, supra. The offenses necessary for a transfer under § 13–14–27.1, supra, are all serious felonies. This classification does not offend against equal protection of the law. *In re Welfare of Burtts,* 12 Wash.App. 564, 530 P.2d 709 (1975); see *Woodard v. Wainwright,* 556 F.2d 781 (5th Cir. 1977).

Nor is there any denial of equal protection on the basis of age. Under a previous juvenile statute, provisions permitting the transfer of persons of any age, if charged with a felony, were upheld against general claims of denial of equal protection. *State v. Doyal,* 59 N.M. 454, 286 P.2d 306 (1955); see also *State v. Jimenez,* 84 N.M. 335, 503 P.2d 315 (1972). Our current statutes, §§ 13–14–27 and 13–14–27.1, supra, limit the transfer age to 16 years or older except for the crime of murder, where the age is 15 years or older.

■ Treatment as a child is not an inherent right, but a right granted by the Legislature. *Woodard v. Wainwright,* supra. The Legislature could have provided that any felony charge was subject to prosecution in district court. *State v. Doyal,* supra. It did not do so; rather, it provided age requirements for a transfer. The age requirements provided depend upon the offense involved. The Legislature could properly determine that this combination of age and offense requirements is reasonably related to the public interest. See § 13–14–2(B), supra. In addition, the Legislature could properly select the combination of age and offense requirements as situations where the special treatment afforded under the Children's Code should no longer be applicable. *Woodard v. Wainwright,* supra; *United States ex rel. Murray v. Owens,* 465 F.2d 289 (2d Cir. 1972); *Pendergrast v. United States,* 332 A.2d 919 (D.C.1975); *Imel v. State,* 342 N.E.2d 897 (Ind.App. 1976).

■ Section 13–14–27.1(A)(4), supra, requires the court, in ordering a transfer, to "consider" whether the child is amenable to treatment as a child through "available facilities". The child asserts that this provision violates due process in that it is void for vagueness. The vagueness, according to the child, involves "consider" and "available facilities".

The child states "[t]o say that the judge may 'consider' is to say that he may decide without a basis in reason." We disagree. "Consider" means to reflect on, to think about with a degree of care and caution. Webster's Third New International Diction-

ary (1966). "Consider" is not unconstitutionally vague; persons of common intelligence do not have to guess at the meaning of the word. *State v. Najera,* 89 N.M. 522, 554 P.2d 983 (Ct.App.1976). We believe the child's argument is really directed at a claimed absence of a definite standard in determining the question of "amenability". That determination necessarily involves the court's discretion, which is reviewable for abuse. *Matter of Doe,* 88 N.M. 505, 542 P.2d 1195 (Ct.App.1975); see *State v. Doyal,* supra.

■ The child also claims that "available facilities" is void for vagueness. He contends there is no rational basis for limiting "available facilities" to facilities within New Mexico. The statute does not limit facilities to a geographic area. The statute refers to facilities that are available. Within the context of the statutory language, *State v. Najera,* supra, a facility is not available if it may not be utilized (for whatever reason) for the treatment or rehabilitation of the child. "Available facilities" is not void for vagueness.

*Admission to Prevent a Transfer*

Section 13–14–27.1, supra, states that the court "may, before hearing the petition on its merits, transfer the matter for prosecution in the district court". Rule 30 states that the transfer motion shall be heard prior to the adjudicatory hearing on the petition.

Prior to the hearing on the transfer motion, the child sought to admit the factual allegations in the petition; thus, he sought to admit that he killed the victim with malice aforethought and did so with a rifle. The court refused to accept this admission. This refusal is asserted to be error.

If the admission had been accepted, criminal proceedings would have been barred. Why?

Section 13–14–25(I), supra, states:

I. Criminal proceedings . . . based upon an offense alleged in a petition under the Children's Code . . . are barred if the court . . . has accepted a child's admission of the allegations of a petition in the proceeding, except that nothing in this subsection bars criminal proceedings in a tribunal upon proper transfer to that tribunal under the Children's Code.

■ Once the court accepts the admission, there could no longer be a "proper transfer". Acceptance of the admission involves accepting that the child has committed a delinquent act and accepting that the child is a delinquent child. Section 13–14–3(N) and (O), supra. Such an acceptance involves the adjudicatory aspect of Children's Court proceedings. Section 13–14–28(E) and (F), supra. Once the child is found to have committed a delinquent act, Rule 38(a) requires entry of judgment. Thus, a transfer cannot occur once the admission is accepted.

The child sought to prevent a transfer by his admission. He claims he has a right to thwart the transfer. Alternatively, he asserts that the trial court abused its discretion in refusing to accept his admission.

■ Section 13–14–25(J), supra, states that "[i]n a proceeding on a petition," a party is entitled to admit or deny the allegations against the party in the petition. The transfer hearing was a proceeding on a petition. *Matter of Doe,* 89 N.M. 700, 556 P.2d 1176 (Ct.App.1976). Thus, under § 13–14–25(J), supra, the child could admit the allegations. Rule 32(a) states that the child may admit the factual allegations of the petition at any time after the petition alleging delinquency has been filed.

Although these provisions authorize the admission, they do not state the court must accept the admission. Nor are these provisions to be interpreted to require the court to accept the admission. Such an interpretation would place the child in a position to prevent a transfer because acceptance of the admission moves the proceedings into the adjudicatory stage, preventing a transfer. Such a result was not intended, either by the Legislature in enacting the Children's Code, or by the Supreme Court in adopting the rules. The clear intent of the statutes and rules is that a transfer may be

accomplished if transfer requirements are met, and without regard to the wishes of the child. Neither § 13–14–25(J), supra, nor Rule 32(a) require the court to accept the child's admission.

The child seems to assert that he had a constitutional right to admit the facts of the petition; in effect, to plead guilty, and the court's rejection of his admission violated this constitutional right. The claim is frivolous. Whatever defendant's rights may be in offering to plead, a court is not required to "accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted . . . ." *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), footnote 11.

Similarly, a child does not have a constitutional right to have his admission accepted and thus prevent being transferred to district court for criminal proceedings. The right to be treated as a child is a statutory, not a constitutional, right. *Woodard v. Wainwright,* supra. Having provided that certain children could be prosecuted criminally, the Legislature did not intend that such a prosecution, initiated by the motion to transfer, could be terminated by the child's offer to admit the allegations of the Children's Court petition, a non-criminal matter. *United States v. Rombom,* 421 F.Supp. 1295 (D.C.N.Y.1976); see § 13–14–30, supra.

The child reminds us of the purpose of the Children's Code, see § 13–14–2, supra. He contends the court's refusal to accept his admission was contrary to the purposes of the Children's Code and thus an abuse of discretion. The court has discretionary power to accept or refuse the admission. *State v. Jimenez,* 89 N.M. 652, 556 P.2d 60 (Ct.App.1976); *State v. Leyba,* 80 N.M. 190, 453 P.2d 211 (Ct.App.1969). It was not an abuse of discretion to refuse to accept the admission when the consequence of such an acceptance would have foreclosed the transfer specifically authorized by statute.

*Compliance with Section 13–14–27.1, supra*

Section 13–14–27.1(A), supra, lists five requirements for transferring the matter to district court for prosecution of the child under the criminal law. Compliance with four of the requirements is challenged; we identify the challenges by the statutory subsections.

(a) Subsection 1 requires the child to be fifteen years of age or more at the time of the alleged delinquent act if the alleged delinquent act is murder. The child asserts there was no evidence of the child's age at the transfer hearing. We agree. However the petition set forth the child's birthdate and the date of the offense; no issue was raised as to their correctness. Inasmuch as the record established the age, the requirement of subsection one was met regardless of whether evidence of age was introduced at the transfer hearing. *Matter of Doe,* 89 N.M. 507, 554 P.2d 669 (Ct.App. 1976).

(b) Subsection three requires "notice in writing of the time, place and purpose of the hearing is given the child, his attorney, parents, guardian or custodian at least five [5] days before the hearing". The child does not contend that the required notices were not given. His claim is that the notices were oral, not written, and therefore the transfer hearing was not conducted in accordance with the statute. The record shows written notice was sent more than five days prior to the hearing and the court so found. However, even if written notice had not been sent, its absence, under the circumstances of this case would not have invalidated the transfer hearing. The circumstances are: oral notice was conceded, the trial court offered a continuance which the child rejected, all the noticed parties appeared and there is no claim of prejudice resulting from the allegedly missing written notice. See *Matter of Doe,* 88 N.M. 481, 542 P.2d 61 (Ct.App.1975).

(c) Subsection four requires the court to consider whether the child is amenable to treatment or rehabilitation as a

child through available facilities. There was evidence that the child needed treatment because of mental illness. Unless, however, the evidence of a need for treatment permitted the inference that the child would respond to such treatment, there was no evidence of the child's amenability. See § 34–2A–15(G), N.M.S.A.1953 (1976–77 Interim Supp.). We do not consider "amenability" further. The statutory requirement refers to treatment as a child through available facilities. The evidence was conflicting as to whether there were facilities for treating the child, *as a child,* in New Mexico. Defendant asserts the evidence showed there were facilities for treating the child, as a child, outside New Mexico. We disagree. There was evidence that adequate facilities existed outside the state, but no evidence that those facilities were *available.* The court did not err in finding that the child was not amenable to treatment as a child through available facilities.

■■■■ (d) Subsection five requires the court to make a specific finding that there are reasonable grounds to believe the child committed the alleged delinquent act. Such a finding was made; substantial evidence supports the finding. Defendant complains of the time when the finding was made. Evidence on the "reasonable grounds to believe" issue was presented, and the court ruled on this issue, before the State proceeded with evidence on the "amenability" issue. Defendant asserts this procedure was erroneous, contending that the State should have presented all its evidence, on all issues, before the court made its rulings. Section 13–14–27, supra, specifically authorizes the procedure followed in this case in transfer hearings under that section. Although the procedure is not specifically authorized in § 13–14–27.1, authority for the procedure exists in Evidence Rule 611(a). Compare *State v. Armijo,* 90 N.M. 12, 558 P.2d 1151 (Ct.App.1976). In addition, there is no claim of prejudice. *Matter of Doe,* 88 N.M. 481, 542 P.2d 61, supra.

*Mental Illness*

■■ Most of the evidence during the "amenability" hearing was to the effect that the child had severe emotional problems and was mentally ill. The child moved that the court transfer legal custody of the child to an appropriate agency for further study and report on the child's condition. The child asserts the court erred in denying the motion. We disagree. The motion was made under § 13–14–32(B), supra, which leaves a transfer for further study to the court's discretion. *State v. Doe,* 90 N.M. 572, 566 P.2d 121 (Ct.App.1977). The court did not abuse its discretion; there was evidence that the only additional testing needed was an E.E.G. and a neurological study which could be performed without the requested transfer.

A basic problem involved in this issue, however, is how the mentally ill child is to be handled when uncontradicted evidence, as in this case, is that the child was mentally ill. This problem does not involve legal insanity. See *State v. Hartley,* 90 N.M. 488, 565 P.2d 658 (1977). The problem involves mental illness. The Children's Code refers to "mentally ill", but does not define the term. Sections 13–14–27 and 13–14–32, supra. The definition of "mentally ill individual" in § 34–2–1, N.M.S.A.1953 (Supp.1975) has been repealed. Laws 1977, ch. 279, § 24. We assume, but do not decide, that the applicable definition is of "mental disorder" appearing in § 34–2A–2(N), N.M.S.A. 1953 (1976–77 Interim Supp.).

Under the evidence, the court had discretionary authority to initiate proceedings for the child's commitment. Section 13–14–32(A), supra. If the child had been committed as mentally ill, the delinquency petition would have been dismissed. Section 13–14–32(C), supra.

Did the court abuse its discretion in not initiating commitment proceedings? No.

Under § 13–14–27, supra, the court is required to find there are reasonable grounds to believe that the child is not committable to an institution for the mentally ill. Section 13–14–27(A)(4)(c), supra. Absent such a finding, the transfer to district court for a criminal trial would not be valid. The consequence would be that the

child would be handled under the Children's Code and the disposition would be under that code. The possible disposition would include proceedings under § 13–14–32, supra.

Under § 13–14–27.1, supra, no findings are required as to the child's mental illness. Rather, the child may be transferred to district court for a criminal trial without regard to the child's mental illness. The rationale for the different treatment of mental illness in §§ 13–14–27 and 13–14–27.1, supra, is that transfers under § 13–14–27.1, supra, are limited to the serious offenses specified therein.

The transfer proceeding in this case was under § 13–14–27.1, supra. Inasmuch as the child's mental illness is not a factor in transfers under this section, the failure of the court to institute commitment proceedings under § 13–14–32(A), supra, was not an abuse of discretion.

The transfer order is affirmed.

IT IS SO ORDERED.

HERNANDEZ and LOPEZ, JJ., concur.