In the Interest of K. G., a Child.

Cameron D. SILLERS, Petitioner and Appellee,

v.

K. G., said child; C. G., father of said child; and B. G., mother of said child, Respondents and Appellants.

Civ. No. 9745.

Supreme Court of North Dakota.

July 17, 1980.

Cameron D. Sillers, State's Atty., Langdon, for petitioner and appellee.

Price & LaQua, Langdon, for respondents and appellants; argued by Robert Q. Price.

PEDERSON, Justice.

This case presents questions as to both constitutional and statutory requirements of waiver hearings in juvenile courts.

On December 19, 1979, the state's attorney of Cavalier County filed a petition in the juvenile court in which it is represented:

"That said Child [K.G.] is a delinquent child in that child did commit the crime of murder, a Class AA felony, as follows: That on or about October 31, 1979, or immediately preceding that date, the said child caused the death of Shawn Agnes, age 11 months, under circumstances manifesting extreme indifference to the value of human life to-wit: That while in said child's custody and control, Shawn Agnes suffered injuries to his head which resulted in a subdural hematoma and a cerebral edema which resulted in Shawn Agnes' death on November 2, 1979."

On that same day, December 19, 1979, the state's attorney also filed a Request for Transfer of Jurisdiction from the juvenile court to an appropriate court having criminal jurisdiction over the offense charged.

The juvenile court set a waiver hearing for December 28, 1979, and gave more than three days' notice, in writing, to K. G. and to his parents. K. G., and his court-appointed attorney and K. G.'s parents, appeared at the hearing and opposed the waiver.

Testimony was presented at the hearing tending to show that there are reasonable grounds to conclude that: (1) K. G. was 16 or more years of age at the time of the alleged conduct; (2) K. G. is not amenable to treatment or rehabilitation as a juvenile through available facilities; (3) K. G. is not mentally retarded or mentally ill; and (4) the interests of the community require that K. G. be placed under legal restraint or discipline. On the question of whether or not there are reasonable grounds to believe that K. G. committed murder, only the remarks of the state's attorney, repeating statements made to him during a state's attorney's inquest and investigation, appear in the record.

The juvenile court order waiving juvenile court jurisdiction states in part:

". . . it appearing to the Court there are reasonable grounds to believe that:

1. Said child was sixteen or more years of age at the time of the conduct alleged in the Petition;

2. Said child committed the delinquent act alleged;

3. Said child is not amenable to treatment or rehabilitation as a juvenile through available facilities;

[4.] Said child is not treatable in an institution for the mentally retarded or mentally ill; and

5. The interests of the community require that said child be placed under legal restraint or discipline."

The record shows that prior to this appeal a preliminary hearing was held in the Cavalier County Justice Court and that K. G. was bound over to district court for trial. The record certified to this court by the clerk of the district court of Cavalier County also contains a petition to this court that the order transferring jurisdiction and all proceedings in district court be stayed pending the decision of this court. Apparently that petition has been abandoned as we have not been urged or asked to grant it. There is no automatic stay because of an appeal. See § 27–20–56(2), NDCC.

Appeals from final orders of the juvenile court are authorized by § 27–20–56, NDCC, and the state's attorney has not argued that an order which terminates a juvenile court's jurisdiction is not a final order. Although K. G.'s notice of appeal states that he appeals from the "judgment" of the juvenile

court, we assume that it is an oversight and that he intended to appeal from the order. K. G.'s argument is that the order of waiver, under the circumstances here, violates his rights. We agree and, assuming that proceedings in district court have not made this matter moot, we reverse the order of the juvenile court and remand for a further hearing on the question whether or not there are reasonable grounds to believe that K. G. committed the delinquent act alleged.

The Uniform Juvenile Court Act was adopted in North Dakota in 1969. See Chapter 289, S.L.1969, and Chapter 27–20, NDCC, as amended. It is a comprehensive statute covering juvenile court proceedings as to the care and custody of deprived children, the termination of the relationship of parent and child, and the care, custody, control, treatment and rehabilitation of delinquent and unruly children.

Transfers of delinquency proceedings to other courts from a juvenile court (i. e., waiver hearings) are governed by the provisions of § 27–20–34, NDCC, which, inter alia, permits transfer for prosecution if:

"(1) The child was sixteen or more years of age at the time of the alleged conduct;

(2) A hearing on whether the transfer should be made is held in conformity with sections 27–20–24, 27–20–26, and 27–20–27;

(3) Notice in writing of the time, place, and purpose of the hearing is given to the child and his parents, guardian, or other custodian at least three days before the hearing; and

(4) The court finds that there are reasonable grounds to believe that:

(a) The child committed the delinquent act alleged;

(b) The child is not amenable to treatment or rehabilitation as a juvenile through available facilities;

(c) The child is not treatable in an institution for the mentally retarded or mentally ill; and

(d) The interests of the community require that the child be placed under legal restraint or discipline."

Section 27–20–34(1)(b)(1, 2, 3, 4), NDCC.

Waiver hearings, accordingly, must be "in conformity with sections 27–20–24, 27–20–26, and 27–20–27." Section 27–20–24, insofar as it is pertinent to this case, requires the hearing to be "informal but orderly" and, upon request of the court, the state's attorney "shall present the evidence in support of any allegations of the petition not admitted." Section 27–20–26, which relates to the right to counsel, is not concerned with any of the issues raised in this case. The juvenile court provided counsel for K. G. and counsel did participate at all stages of the proceedings.

Section 27–20–27(1), NDCC, provides:

"A party [the accused child in a delinquency matter] is entitled to the opportunity to introduce evidence and otherwise be heard in his own behalf and *to cross-examine adverse witnesses*." [Emphasis supplied.]

In a footnote in *Interest of R. D. S.*, 259 N.W.2d 636, 637 (N.D.1977), we said that it was perhaps unfortunate that the Uniform Juvenile Court Act applied the same procedural rules to a variety of types of proceedings. Our statutes which prescribe the nature of hearings (§ 27–20–24), the right to counsel (§ 27–20–26), and other basic rights (§ 27–20–27), apply not only to delinquency proceedings,[1] but also to deprivation matters[2] and parental terminations.[3]

The requirements imposed by such decisions as *Kent v. United States*, 383 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966); *In re Gault*, 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967); *McKeiver v. Pennsylvania*, 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971); and *Breed v. Jones*, 421 U.S. 519, 95

1. *In Interest of D. S.*, 263 N.W.2d 114 (N.D. 1978).

2. *In Interest of T. M. M.*, 267 N.W.2d 807 (N.D. 1978).

3. *In Interest of J. A.*, 283 N.W.2d 83 (N.D. 1979), and *In Interest of R. L. D.*, 253 N.W.2d 870 (N.D.1977).

S.Ct. 1779, 44 L.Ed.2d 346 (1975), may very well be over-and-above that provided in the Uniform Juvenile Court Act when a delinquency matter is involved. A due process hearing in a delinquency case to determine whether or not a transfer should be made to a court for criminal prosecution, can protect the right of confrontation and cross-examination as indicated in § 27–20–27(1) and still be "informal and orderly."

The statute may be criticized, at first blush, as lacking congruity in view of an apparent authorization in § 27–20–29(4) for the juvenile court to receive and consider "written reports . . . not otherwise competent," at some stages of hearings involving delinquency proceedings and, also, for this court, on appeals under § 27–20–56(1), to consider "files, records, and minutes," but those matters are not before us at this time.

In *State v. Lueder*, 242 N.W.2d 142, 144 (N.D.1976), we acknowledged that prior to the rule in *Kent, supra*, in 1966, and decisions holding that it was not retroactive, and also prior to the enactment of Chapter 27–20, NDCC, no constitutional or statutory rights were violated by the failure to hold a hearing on waivers to an adult court. On the other hand, in *In Interest of D. S., supra*, 263 N.W.2d at 119, this court said that the Legislature, by statutory enactment, can provide greater relief or protection than is guaranteed by the State or Federal Constitution.

By the language of §§ 27–20–24, 27–20–27, and 27–20–34, a waiver hearing imposes upon one that petitions for a transfer to a court for criminal prosecution, the burden of producing *testimony* which supports a reasonable ground to believe that the child committed the delinquent act alleged. Witnesses who provide such testimony must be available for cross-examination.

Recently, in *Grace Lutheran Church v. North Dakota Employment Security Bureau*, 294 N.W.2d 767 (N.D.1980), we said

that "it is a long-established rule of law that if a statute is susceptible of two meanings, and one of those two meanings would make the statute invalid, the one which makes it valid prevails. [Cites omitted.]" See also *State v. Grenz*, 243 N.W.2d 375 (N.D.1976).

■ Accordingly, we interpret Chapter 27–20 as requiring a due process hearing before a child accused of committing a delinquent act can be waived into an adult court for criminal prosecution, and that, when a matter is disputed, the hearing requires that evidence supporting reasonable grounds to believe that the child committed the delinquent act must be produced by witnesses available for cross-examination.

■ K. G. has further urged that a statute which authorizes the waiver of a child into adult court, in any event constitutes a violation of a clear constitutional right to rehabilitative treatment. He relies upon *Inmates of Boys' Training School v. Affleck*, 346 F.Supp. 1354 (D.C.R.I.1972); *Martarella v. Kelley*, 349 F.Supp. 575 (S.D.N.Y. 1972); and *Nelson v. Heyne*, 491 F.2d 352 (7th Cir. 1974), none of which involved the waiver question. See also Note by Christine Hogan, "Waiver of Juvenile Jurisdiction and the Hard-Core Youth," 51 N.D.L. Rev. 655 (1974–75).[4] We find the argument unpersuasive. "Treatment as a child is not an inherent right, but a right granted by the Legislature." *State v. Doe*, 91 N.M. 506, 576 P.2d 1137, 1139 (Ct.App.1978).

The order transferring jurisdiction over K. G. to the county justice court is reversed and the matter is remanded for a further hearing in the juvenile court consistent with the provisions herein.

No costs are allowed on this appeal.

ERICKSTAD, C. J., and PAULSON and SAND, JJ., concur.

---

4. The subject of waiver of hard-core juvenile offenders into adult court appears to be a favorite subject to law review writers. See article by Professor Barry C. Feld, "Reference of Juvenile Offenders for Adult Prosecution: The Legislative Alternative to Asking Unanswerable Questions," 62 Minn.L.Rev. 515 (1978), and the long list of articles which he cites.

VANDE WALLE, Justice, concurring in the result.

I concur in the result reached in the majority opinion on the basis that the pertinent North Dakota statutes require a hearing prior to waiver of juvenile jurisdiction and at that hearing the right to cross-examine witnesses. I agree that the evidence concerning commission of the delinquent act was not presented as required by the statutes. I express no opinion as to whether or not the hearing in this case met constitutional requirements because, in view of the noncompliance with our statutes, it does not appear necessary to do so.