**Mark McADAMS, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

**No. 95–33.**

Supreme Court of Wyoming.

Dec. 11, 1995.

Sylvia Lee Hackl, State Public Defender; Deborah Cornia, Appellate Counsel; and Donna D. Hoffdahl, Assistant Appellate Counsel, for Appellant.

William U. Hill, Attorney General; Paul S. Rehurek, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Georgia L. Tibbetts, Assistant Attorney General, for Appellee.

Before GOLDEN, C.J., and THOMAS, MACY, TAYLOR and LEHMAN, JJ.

MACY, Justice.

Appellant Mark McAdams appeals from the judgment and sentence which adjudged him guilty of second-degree murder.

We affirm.

## ISSUES

Appellant presents the following issues for our review:

*ISSUE I*

Did the juvenile court judge err by failing to give the Appellant an opportunity to admit or deny the allegations in the delinquency petition?

*ISSUE II*

Whether the juvenile court's interpretation of Wyoming Statute Sections 14–6–209, 14–6–226 and 14–6–237[ ] denies Appellant due process under the Fourteenth Amendment of the United States and Wyoming constitutions.

## FACTS

On February 22, 1994, Appellant was driving down Main Street in Lander when he saw the victim and another individual. Appellant pulled over, and the pair got into Appellant's car. Appellant and his passengers smoked marijuana while they were riding around. They stopped at an old ski area located in Sinks Canyon, and the victim exited the car, walked over to a sign, and stood beside it. The other individual got out of the car and leaned against it. At that point, Appellant reached into the back seat of the car and retrieved a .22 caliber rifle. He pointed the rifle out of the window and shot the victim five times.

Since Appellant was sixteen years old when he committed this murder, a delinquency petition which alleged first-degree murder was initiated in the juvenile court along with a motion for a transfer hearing so that a determination could be made as to whether the matter should be transferred to the district court.[1] On March 3, 1994, Appellant appeared in the juvenile court for a combined initial hearing and detention hearing. After the juvenile court advised Appellant of his rights, Appellant requested that he be given an opportunity to admit the allegations contained in the petition. The State argued that the juvenile court should conduct a transfer hearing before giving Appellant an opportu-

1. Although a direct filing of criminal charges in the district court is now permitted against juveniles who are fourteen years of age or older and who have been charged with a violent felony, when this petition was filed, all such cases were required to be instituted in the juvenile court, subject to a motion for a transfer to another court. Wyo.Stat. § 14–6–203 (1989) (amended 1994 & 1995).

nity to admit or deny the allegations. The juvenile court agreed.

At the conclusion of the transfer hearing, the juvenile court took the matter under advisement. It subsequently ordered that the case be transferred to the county court for criminal prosecution. Thereafter, the county court transferred the case to the district court. Pursuant to a plea agreement, Appellant pleaded guilty to the charge of second-degree murder. He was sentenced to serve a prison term of not less than thirty years nor more than sixty years. Appellant appeals from his conviction.

## DISCUSSION

Claiming that he had the ability to prevent his case from being transferred to the criminal court by making an admission, Appellant contends that, under WYO.STAT. §§ 14–6–226 (1989) (amended 1995) and 14–6–209 (1991), a juvenile court was required to give a minor child the opportunity to either admit or deny the allegations contained in the petition. He asserts that the case could be transferred to the criminal court only when the child denied the allegations.[2]

■ Whether an ambiguity exists in the statutes is a matter of law to be determined by the court. *Allied–Signal, Inc. v. Wyoming State Board of Equalization,* 813 P.2d 214, 220 (Wyo.1991). Determining the lawmakers' intent is our primary focus when we interpret statutes. *ELR v. State (In re EWR),* 902 P.2d 696, 699 (Wyo.1995). Initially, we make " 'an inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission,* 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker,* 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe together all parts of the statutes *in pari materia,* giving effect to each word, clause, and sentence so that no part will be inoperative or superfluous. 845 P.2d at 1042. We will not construe statutes in a manner which

renders any portion meaningless or produces absurd results. *Haderlie v. Sondgeroth,* 866 P.2d 703, 711 (Wyo.1993).

■ We acknowledge that, when they are read by themselves, §§ 14–6–209(c) and 14–6–226(a)–(c), as they existed when this crime occurred, seemed to permit a juvenile to admit the allegations contained in the juvenile petition, thereby moving the case to the adjudication phase of the proceedings and preventing the case from being transferred. Section 14–6–209(c) provided:

> (c) The child or in cases of neglect the parents, guardian or custodian shall be given an opportunity to admit or deny the allegations in the petition. If the allegations are admitted, the court shall make the appropriate adjudication and may proceed immediately to a disposition of the case in accordance with the provisions of W.S. 14–6–229. If denied, the court shall set a time not to exceed sixty (60) days for an adjudicatory hearing or a transfer hearing.

Section 14–6–226 provided in pertinent part:

> (a) At their first appearance before the court the child and his parents, guardian or custodian shall be advised by the court of their rights under law and as provided in this act. They shall also be advised of the specific allegations in the petition and given an opportunity to admit or deny them. They shall also be advised of the possible liability for costs of treatment or services pursuant to this act or W.S. 25–11–101 through 25–11–108. It is not necessary at the initial appearance for the district attorney to establish probable cause to believe the allegations in the petition are true. When a detention or shelter care hearing is held in accordance with W.S. 14–6–209, a separate initial hearing is not required if the child and his parents, guardian or custodian were present at the detention or shelter care hearing and advised by the court as provided in this subsection.

**2.** Appellant is not challenging the sufficiency of the evidence which supported the transfer of his case from the juvenile court to the criminal court under WYO.STAT. § 14–6–237(b) (1984). He is challenging only the judge's decision to not accept his admission prior to holding a transfer hearing.

(b) If the allegations of the petition are denied, the court may, with consent of the parties, proceed immediately to hear evidence on the petition or it may set a later time not to exceed sixty (60) days for an adjudicatory or a transfer hearing. Only competent, relevant and material evidence shall be admissible at an adjudicatory hearing to determine the truth of the allegations in the petition. If after an adjudicatory hearing the court finds that the allegations in the petition are not established as required by this act, it shall dismiss the petition and order the child released from any detention or shelter care.

(c) If after an adjudicatory hearing or a valid admission or confession the court or jury finds that a child committed the acts alleging him delinquent or in need of supervision or that a child is neglected, it shall enter a decree to that effect stating the jurisdictional facts upon which the decree is based. It may then proceed immediately or at a postponed hearing within sixty (60) days to make proper disposition of the child.

In analyzing the remaining provisions of the juvenile court statutes *in pari materia,* however, we conclude that they do not require the juvenile court to accept an admission at the initial hearing or the detention hearing. Nor do they prohibit the juvenile court from continuing those hearings while it conducts a transfer hearing.

WYO.STAT. § 14–6–237 (1984) provides in pertinent part:

(a) After a petition alleging a child has committed a delinquent act is filed, the court may, on its own motion or that of any party any time prior to the adjudicatory hearing, order a transfer hearing to determine if the matter should be transferred to another court having jurisdiction of the offense charged for criminal prosecution as provided by law....

(b) The court shall order the matter transferred to the appropriate court for prosecution if after the transfer hearing it finds that proper reason therefor exists.

Additionally, WYO.STAT. § 14–6–203(e) (1989) specifically provides for the transfer of cases which have been originally commenced in the juvenile court to another court that has jurisdiction pursuant to WYO.STAT. § 14–6–237 (1978) (amended 1984 & 1995); WYO.STAT. § 14–6–224(d) (1981) allows the juvenile court to "continue or defer any hearing as the work of the court or justice requires"; and WYO.STAT. § 14–6–203(c) (1989) gives the juvenile courts concurrent jurisdiction over minors who have been alleged to have committed criminal offenses.

At the time this crime was committed, the juvenile court statutes, when they were read together, allowed the juvenile court to continue any hearing at any time after a juvenile petition had been filed. They also gave the juvenile court statutory authority to order a transfer hearing prior to accepting a juvenile's admission.

To apply the specific provisions of the juvenile court statutes as Appellant requests us to do would undermine various other provisions of the statutes and render them inoperative and meaningless. If we were to hold that, under the then existing statutory scheme, transfer hearings could have been conducted only in situations where the juveniles denied the allegations contained in the petitions, the State would have been foreclosed in most instances from prosecuting minors in the adult criminal court who were under the age of seventeen years because the minors would have admitted their charges in order to avoid criminal prosecution. Since all orders which were issued under the juvenile court statutes, pertaining to juveniles who had been adjudicated as being delinquent children, were automatically terminated when the children reached the age of twenty-one years, a juvenile who was convicted of a violent felony would have completed his atonement after serving just a few years. *See* WYO.STAT. § 14–6–231(c)(ii) (1991); *see also* WYO.STAT. § 14–6–238 (1978) (providing that no order or decree entered under the juvenile court statutes shall be deemed to be a conviction of a crime); WYO.STAT. § 14–6–241(a) (1978) (amended 1995) (providing that a juvenile who has been adjudicated as being delinquent may petition the court to expunge his record in the juvenile court upon reaching the age of majority and that, upon entry of

such an order, the proceedings in the petitioner's case are deemed never to have occurred).

We do not accept Appellant's contention that the Legislature intended for all juvenile offenders between the ages of twelve years and seventeen years of age to be given the opportunity to admit their criminal behavior in order to reap the benefits of juvenile court adjudications. Had the Legislature intended for such a result to occur, it would not have enacted either § 14–6–237(a), which authorizes the juvenile court to transfer cases to other courts that have jurisdiction of the offense charged for criminal prosecution as provided by law under appropriate circumstances, or § 14–6–203(c), which gives the juvenile courts "concurrent jurisdiction in all cases in which a minor is alleged to have committed a criminal offense." Neither would it have amended Wyo.Stat. § 14–6–203(f) (1989) (amended 1994 & 1995) by adding paragraph (iv) in 1994 to authorize the direct filing of criminal charges in the adult court when the minor is at least fourteen years old and has been charged with a violent felony, nor would it have amended § 14–6–226(a) in 1995, which addresses exactly this situation and now provides that the juvenile may admit or deny the allegations in the petition "unless [a] motion is made to the court to transfer the allegations of delinquency against the minor to another court."

Appellant contends that the juvenile court's refusal to accept his admission subjected him to criminal prosecution and thereby violated his right to have due process under the United States and Wyoming constitutions. In considering this contention, we are guided by and agree with the New Mexico Court of Appeals, which addressed this issue of whether a minor may admit the charges against him in order to prevent the case from being transferred to criminal court:

> Whatever defendant's rights may be in offering to plead, a court is not required to "accept every constitutionally valid guilty plea merely because a defendant wishes so to plead. A criminal defendant does not have an absolute right under the Constitution to have his guilty plea accepted...."

*North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970), footnote 11.

Similarly, a child does not have a constitutional right to have his admission accepted and thus prevent being transferred to district court for criminal proceedings. The right to be treated as a child is a statutory, not a constitutional, right. Having provided that certain children could be prosecuted criminally, the Legislature did not intend that such a prosecution, initiated by the motion to transfer, could be terminated by the child's offer to admit the allegations of the Children's Court petition, a non-criminal matter.

*State v. John Doe*, 91 N.M. 506, 576 P.2d 1137, 1141 (Ct.App.1978) (citation omitted). *See also Jahnke v. State*, 692 P.2d 911, 929 (Wyo.1984) (a juvenile does not have an inherent right to be prosecuted as a juvenile; that is a privilege granted by the Legislature, and the Legislature can restrict or qualify the privilege as it sees fit as long as an arbitrary or discriminatory classification is not created).

## CONCLUSION

The judgment and sentence which adjudged Appellant guilty of second-degree murder is affirmed.