131 N.J. Super. 547 (1974)
330 A.2d 634
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOBBY JAMES WALKER, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted December 10, 1974.
Decided December 23, 1974.
Before Judges HALPERN, CRAHAY and ACKERMAN.
*548 Mr. Stanley C. Van Ness, Public Defender, attorney for appellant (Ms. Mary Aurigemma, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. Joseph P. Lordi, Essex County Prosecutor, attorney for respondent (Mrs. Sara A. Friedman, Assistant Prosecutor, of counsel).
The opinion of the court was delivered by CRAHAY, J.A.D.
Defendant appeals a finding of guilt by the trial judge sitting without a jury of escape, in violation of N.J.S.A. 2A:104-6. A motion for a new trial was denied.
The essential facts are that 
At the time of the alleged offense defendant was serving a sentence at the Essex County Correction Center and had been entered in a work release program, a condition of which was that he would return to the institution each evening after work. On June 25, 1971 he went to his employment but did not return to the Correction Center that evening. He was apprehended five months later.
Defendant contended that when he left the Correction Center for work on the morning of June 25, 1971 he intended to return but while awaiting a bus to return he engaged in a fistfight with another whom he knocked down. As a result of that event he was fearful of returning lest he suffer additional punishment.
The sole point of defendant's appeal is that he was not guilty of the offense since the State failed to establish the legislatively contemplated crime of escape in that there was no evidence that he left custody as a result of force or fraud.
N.J.S.A. 2A:104-6 provides:
Any person imprisoned or detained in a place of confinement, or being in the lawful custody or control of a penal or correctional institution or of an officer or other person, upon any charge, indictment, conviction or sentence for any crime, or upon any writ or *549 process in a civil action or proceeding, or to await extradition, who by force or fraud escapes or attempts to escape from such place of confinement or from such custody or control, or leaves the building or grounds of his place of confinement without the consent of the officer in charge, is guilty of a misdemeanor. [Emphasis supplied]
Defendant asserts that at common law the crime of escape consisted of the voluntary departure of a person from the lawful custody of an officer or from any place of lawful confinement. He argues that since the Legislature has included the ingredients of force or fraud in the enactment of N.J.S.A. 2A:104-6 those elements must be proven before a departure from custody constitutes a crime.
We are satisfied that the Legislature did not intend this narrow reading of the enactment since by its very terms it disjunctively makes the offense complete when a person lawfully detained in custody absconds without the consent of the officer in charge. Notwithstanding that at the moment defendant elected to leave his confinement he was not within a building or on the grounds containing him, his absence therefrom was limited to his working hours and the time necessary for travel to and from work. He so agreed. As a practical matter, he was at all times within the custody of the officials at the institution.
In a word, having undertaken intentionally to depart from the custody or control of the institution without the consent of the official in charge, the offense was complete notwithstanding absence of fraud or force. Obviously, to accept defendant's position here would create havoc in the work release programs presently being utilized, would generate disrespect for the law and further the dilution of institutional morale. State v. Hayes, 52 N.J. Super. 178 (App. Div. 1958).
The legislative intendment we find here is buttressed by the recent enactment creating work release programs, N.J.S.A. 30:8-44 et seq. (Outside Employment and Vocational Training for Certain Prisoners). By N.J.S.A. 30:8-53 the legislature specifically instructs that
*550 Any person admitted to outside labor or a vocational training program under this act who shall escape or attempt to escape while in such status outside the county institution shall be deemed to have escaped and treated in accordance with the law.
We read this later enactment in pari materia with N.J.S.A. 2A:104-6. We must give unity to laws and connect them into a symmetrical system. State v. Brown, 22 N.J. 405, 415-416 (1956); Watson v. Jaffe, 121 N.J. Super. 213, 214 (App. Div. 1972); State v. McCarthy, 123 N.J. Super. 513, 521 (Cty. Ct. 1973).
Affirmed.