**James F. JORDAN, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 9458.**

District of Columbia Court of Appeals.

Argued Nov. 12, 1975.

Decided Jan. 29, 1976.

Douglas C. Dodge, Washington, D. C., appointed by this court, for appellant.

Harry R. Benner, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., John A. Terry, James F. McMullin and Michael G. Scheininger, Asst. U. S. Attys., were on the brief, for appellee.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

REILLY, Chief Judge:

This is an appeal from an order denying a motion to withdraw a guilty plea. The appellant and two fellow convicts escaped from Lorton Reformatory in Virginia, commandeered an automobile, and forced its two occupants to accompany them into the District of Columbia where they were released. One of the occupants, a woman, was robbed at knifepoint by the trio sometime before she and her companion were set free.

The appellant was apprehended on July 30, 1974, and subsequently· entered a guilty plea to a charge of armed robbery in the Superior Court of the District of Columbia.[1] Prior to accepting such plea, the trial judge, in order to satisfy himself as to its factual predicate,[2] instructed the government to make a proffer of evidence and directed the defendant to listen and then inform the court, if he wished to dispute any of the government's allegations. The proffer stated that the robbery victim, Miss Reba Spinnato, was robbed at knifepoint by Jordan and the others in the District of Columbia.[3] The defendant ex-

---

1. In a prosecution in the State of Virginia arising out of these same facts, appellant was convicted of escape and kidnapping.

2. Super.Ct.Cr.R. 11 provides in part: "The court shall not enter a judgment upon a plea of guilty unless it is satisfied that there is a factual basis for the plea."

3. The proffer was as follows: "At approximately 11:50 p. m. Mr. Jordan, Head, and Walker kidnapped Reba Spinnato and Mr. Gray Emmert at knifepoint . . . in Springfield, Virginia, and Mr. Head drove the victims to the 4000 block of Ponds St., NE, here in Washington, D.C. At that location, Miss Spinnato was robbed at knifepoint by,

pressed no disagreement or objection, the plea was accepted, and a sentencing date was set.

Prior to sentencing, appellant filed a motion to withdraw his plea, asserting two legal defenses of which he had been previously unaware and uninformed by counsel. The defenses claimed are that (1) the defendant did not actually wield the knife used in the robbery, and (2) the robbery occurred outside the District of Columbia. After a hearing, the trial court denied the motion and imposed sentence.

In this appeal, Jordan challenges the denial of his motion to withdraw his guilty plea, relying principally upon *Kercheval v. United States,* 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009 (1927), which held inadmissible at trial a certified copy of a guilty plea which had been withdrawn by leave of court. The Supreme Court observed: "The court in exercise of its discretion will permit one accused to substitute a plea of not guilty and have a trial if for any reason the granting of the privilege seems fair and just." (*Id.* at 224, 47 S.Ct. at 583: citations omitted.)

*Kercheval,* as appellant points out, has been read as calling for a somewhat receptive attitude toward motions to withdraw guilty pleas if filed before sentencing.[4] *Durante v. United States,* D.C.App., 309 A.2d 321 (1973); *Gearhart v. United States,* 106 U.S.App.D.C. 270, 272 F.2d 499 (1959); *United States v. Young,* 424 F.2d 1276 (3d Cir. 1970). Appellant also notes that the pertinent Superior Court rules make a distinction between motions filed before and after sentence and contemplate a more lenient treatment of pre-sentence motions.[5]

■ While it is true that motions to withdraw guilty pleas filed prior to sentence are looked upon more favorably than those filed subsequent thereto, courts need not grant such motions as a matter of right, for the determination of whether the defendant has put forth a "fair and just" reason for the withdrawal is left to the trial court. *Bettis v. United States,* D.C. App., 325 A.2d 190 (1974); *Bethel v. United States,* D.C.App., 215 A.2d 763 (1966). In making such determination, one "compelling consideration" to be taken into account is whether the grounds set forth in the motion are tantamount to a claim of legal innocence. *Bettis v. United States, supra* at 195. In the case at bar, we conclude that neither ground stated by the movant constituted a legal defense to the charge. As the motion rests on these two claimed defenses alone—no charge of unfairness or deception being suggested— there was no error in denying the motion.

■ Appellant's first asserted defense is that it was not he but one of his coescapers who held the knife used to rob the victim. Such a claim falls short of a complete defense to the charge of armed robbery for, even assuming appellant used no weapon, the acts of his accomplice in crime could be imputed to him, thus making him chargeable as a principal in the offense. D.C.Code 1973, § 22–105. *Williams v. United States,* D.C.App., 190 A.2d 269 (1963); *Hill v. United States,* 22 App.D.C. 395, 401 (1903).

The second asserted defense, *viz.,* that the robbery occurred outside the District, presents another issue. According to appellant's account of the events, the money was taken forcibly from the victim before the automobile crossed the river into the

among others, Mr. Jordan, of approximately $110. The victims were all then released by Mr. Jordan."

4. Interestingly enough, the motion in *Kercheval* was filed after sentencing.

5. Super.Ct.Cr.R. 32(e) provides: "A motion to withdraw a plea of guilty or of *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court may set aside the judgment of conviction and permit the defendant to withdraw his plea." The term "judgment of conviction" is defined in subsection 32(d) as including sentencing. Thus the rigorous standard of "manifest injustice" applies only to motions filed after sentencing.

District, and hence the proceeds of the robbery were securely in the possession of one of the escaping convicts by the time the automobile in which the victim and her captors were riding entered this city. It is argued, therefore, that the Superior Court lacked jurisdiction over the robbery because of the limitations in D.C.Code 1973, § 11–923(b)(1).[6]

But even accepting appellant's version of the facts as true, we are not persuaded that such a defense would preclude a conviction for robbery in the District of Columbia. It is undisputed that appellant did not part company with the victim of the robbery until after he and his confederates had driven well inside the District. During the period in which the robbers and victims were together in this city, appellant and his companions retained possession of the money only through threat of force. It was not until the original occupants of the automobile were dropped off that appellant and his friends made their getaway with the money seized in the robbery.

Under the law of this jurisdiction, robbery takes on the characteristics of a continuing offense when there is a lapse of time between the taking and the safe escape of the robber with the proceeds. In *Carter v. United States,* 96 U.S.App.D.C. 40, 223 F.2d 332 (1955), there was evidence that the defendant committed a robbery and later killed a pursuing policeman a few blocks away. The defendant was acquitted of premeditated murder but convicted of felony-murder, *i. e.,* a killing incidental to the perpetration of a felony. He argued on appeal that the conviction should be reversed because the robbery was completed when the murder occurred. The court rejected this contention, holding that the robbery was still in progress because the appellant had not yet secured the fruits of the crime when the policeman was shot.[7]

 Under this view, it necessarily follows that the execution of the robbery, even though the forcible taking had occurred in another state, was not finished until the robbers had accomplished by force of arms their getaway with the loot —an event which occurred in this jurisdiction.

 Having found that the grounds stated in the motion to withdraw the guilty plea do not constitute legal defenses to the crime charged in the indictment, we are satisfied that the trial court did not abuse its discretion in denying appellant's motion. *Bettis v. United States, supra; Bethel v. United States, supra.*

*Affirmed.*

---

6. D.C.Code 1973, § 11–923(b)(1) provides: " . . . the Superior Court has jurisdiction of any criminal case under any law applicable exclusively to the District of Columbia."

7. *See also Coleman v. United States,* 111 U.S.App.D.C. 210, 295 F.2d 555 (1961).