John F. ADAIR, Jr., Appellant,

v.

UNITED STATES, Appellee.

No. 13074.

District of Columbia Court of Appeals.

Submitted July 18, 1978.

Decided Aug. 29, 1978.

Rehearing and Rehearing En Banc Denied Oct. 24, 1978.

Abraham C. Blitzer, appointed by this court, was on the brief for appellant.

Earl J. Silbert, U. S. Atty., and John A. Terry, Sallie H. Helm and Whitney M. Adams, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before NEWMAN, Chief Judge, and GALLAGHER and MACK, Associate Judges.

MACK, Associate Judge:

Appellant was found guilty of armed robbery (D.C.Code 1973, §§ 22–2901, –3202), assault with a dangerous weapon (*id.* § 22–502), and mayhem and malicious disfigurement (*id.* § 22–506). Appellant acknowledges attacking complainant; he maintains, however, that there was no robbery and that the attack itself took place solely in Maryland. He assigns as error the trial court's refusal to instruct the jury that if it found as a matter of fact that the offenses in question occurred only in Maryland, that it must find appellant not guilty. We affirm.

The facts may be summarized briefly. It is undisputed that appellant accompanied complainant from the District of Columbia to a tourist home in Maryland. It is also undisputed that while in Maryland appellant cut complainant about the face with a broken bottle. Complainant testified, however, that when he attempted to flee, appellant forced his way into the car and at some point after they reentered the District of Columbia, struck him further, took his wallet and ran. Complainant stopped his car and chased appellant, eventually managing to recover the wallet when appellant slipped and fell. Complainant's testimony was buttressed by that of an off-duty reserve police officer who saw him in an

intersection bleeding heavily, and who, upon returning with other officers, heard appellant threatening to injure complainant if he did not remain silent. The sole theory of the defense was that the entire incident took place in Maryland, thus the Superior Court was without jurisdiction over the matter, and the jury should have been permitted to so determine. This argument is without merit.

■ It is true, as appellant urges, that a defendant is entitled to have his theory of the case presented to the jury if sufficient evidence has been introduced to support his relevant conclusions. Even assuming, however, that appellant's unsubstantiated testimony is "sufficient," his right is qualified by the fact that the question of jurisdiction is not one of fact for the jury. *See United States v. Berrigan*, 482 F.2d 171 (3d Cir. 1973). Although nominally questioning the failure to give the requested jury instruction, appellant is in actuality challenging the jurisdiction of the trial court. It is not clear, however, that this issue was framed as such (*i. e.*, by a motion to dismiss for lack of jurisdiction), or so addressed by the court. But lack of subject matter jurisdiction is not waivable, and may be noticed at any time. Super.Ct.Cr.R. 12(b)(2); *Smith v. United States*, D.C.App., 304 A.2d 28, 31 (1973); *United States v. Isaacs*, 493 F.2d 1124, 1140 (7th Cir. 1974). Thus, we turn directly to that issue.

■ D.C.Code 1973, § 11–923(b)(1) provides that ". . . the Superior Court has jurisdiction of any criminal case under any law applicable exclusively to the District of Columbia." Appellant does not contend that the statutes under which he was convicted have extraterritorial effect, and as the party asserting lack of jurisdiction, he bears the burden of presenting the facts that would establish that lack. *State v. Lucero*, 82 N.M. 367, 368, 482 P.2d 70, 71 (Ct.App.1971). This is particularly true when the jurisdictional challenge is to a court exercising general jurisdiction. *State v. Cutnose*, 87 N.M. 307, 309, 532 P.2d 896, 898 (Ct.App.1974).

■ It is presumed that an offense charged was committed within the jurisdiction of the court in which the charge is filed unless the evidence affirmatively shows otherwise. *Hill v. States*, 253 Ark. 512, 487 S.W.2d 624, 631 (1972). There is no such affirmative showing here. Even if we accept as true appellant's contention that the altercation took place solely in Maryland, he would still be answerable under the laws of the District of Columbia:

A crime may be a single act and immediate in all its consequences and the locality where it was committed is its "vicinage." On the other hand, a crime may be the result of a series of acts or the result of a single act. The direct consequences may be made to occur at various times and in different localities. The criminal act, the notice of the perpetrator, the cause, and the effect, are but parts of the complete transaction. *Wherever any part is done, that becomes the locality of the crime as much as where it may have culminated.* [*State v. Ashe*, 182 Wash. 598, 603, 48 P.2d 213, 215 (1935) (emphasis added).]

Here, appellant concedes approaching complainant in his car within the District of Columbia, riding with complainant into Maryland, and returning with him to the District. (*See, e. g., Jordon v. United States*, D.C.App., 350 A.2d 735, 738 (1976) noting that a robbery took on the characteristics of a continuing offense where, *inter alia* ". . . appellant did not part company with the victim of the robbery until after he . . . had driven well inside the District.") Further, appellant was overheard by an officer threatening complainant with injury if he did not remain silent while they were all at an intersection concededly within the District line.

■ We can thus find no support for appellant's claim that the trial court lacked jurisdiction in this matter. And there is certainly no merit in his contention that what was in essence a jurisdictional issue should have been submitted to the jury.

*Affirmed.*