**Joseph D. MUNDINE, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 79–1117.**

District of Columbia Court of Appeals.

Argued April 16, 1981.

Decided May 18, 1981.

Margaret Mann Drachsler, Washington, D. C., appointed by this court, for appellant.

Diane G. Clarke, Asst. U. S. Atty., Washington, D. C., with whom Charles F. C. Ruff, U. S. Atty., John A. Terry, William J. Birney, Michael W. Farrell, and David S. Krakoff, Asst. U. S. Attys., Washington, D. C., were on the brief, for appellee.

Before KELLY, FERREN and PRYOR, Associate Judges.

FERREN, Associate Judge:

A jury found appellant, Joseph D. Mundine, guilty of a prison breach (escape) in violation of D.C.Code 1973, § 22–2601. Appellant contends that (1) the Superior Court did not have jurisdiction because the escape did not take place in the District of Columbia and, in the alternative, (2) the trial court erred in not submitting to the jury the question whether the offense took place here. We affirm.

I.

Convicted of carrying a pistol without a license, D.C. Code 1973, § 22–3204, appellant was incarcerated at Lorton Reformatory, a District of Columbia penal institution located in Virginia. In November 1978,

Lorton officials placed appellant in a work-release program, allowing him to work at a private construction site in the District of Columbia. Before his admission to the work-release program, appellant agreed to follow applicable rules and regulations, as well as the specific provisions of his furlough. He agreed to "return directly to [Lorton] upon completion of [his] employment . . . activity each day after either part of the work day or full shift." In addition, appellant learned that "[f]ailure to return [to Lorton] within two hours after scheduled time of return would be considered an escape." The rules also informed appellant that if for any reason he would be late, he had to notify Lorton officials, although such notice did not excuse appellant from his "obligation to return on the time as stated on [appellant's] furlough." Appellant was to return each day to Lorton by 7:00 p. m. In order to do so, he was told to "report to 2nd and E Street, Northwest, to catch the bus for the return trip to [Lorton]."

On December 1, 1978, appellant took the bus from Lorton to the District, but he did not take the bus back or otherwise return to Lorton by 7:00 p. m. At approximately 8:15 p. m., appellant called a Lorton corrections supervisor, who told him to report immediately to a halfway house in the District. At 9:00 p. m. the corrections officer, upon ascertaining that appellant had not so reported, placed appellant on escape status. One week later, on December 8, 1978, the police arrested appellant at an apartment in the District.

The facts developed at trial were for the most part not in dispute. Appellant conceded that, at least until shortly before his arrest on December 8, he had made no effort to return to Lorton. Instead, appellant premised his defense on the legal argument that his escape should be characterized as a failure to return to Lorton, Virginia. It would follow that the offense did not take place in the District of Columbia and that the trial court, accordingly, had no jurisdiction. The trial court denied without prejudice appellant's pretrial motion to dismiss for lack of jurisdiction and denied appellant's renewed motion at the close of the

government's case. Appellant then moved for judgment of acquittal, arguing that the question whether his escape took place in the District of Columbia was for the jury, but that no reasonable juror could conclude beyond a reasonable doubt that appellant had escaped in the District. The trial court denied the motion, ruling that the question of where the alleged offense took place was a jurisdictional determination for the court, not the jury. The court then reiterated its jurisdictional conclusion that the government had shown the offense took place in the District.

The jury found appellant guilty of a prison breach. The trial court sentenced him to six months imprisonment, consecutive to any other sentence he was serving. This appeal followed.

II.

Under D.C.Code 1973, § 11–923(b)(1), Superior Court jurisdiction is limited to "any criminal case under any law applicable exclusively to the District of Columbia." We have interpreted this provision to limit jurisdiction to criminal violations taking place within the boundaries of the District. *In re A.S.W.*, D.C.App., 391 A.2d 1385, 1389 (1978); *see Adair v. United States*, D.C. App., 391 A.2d 288, 290 (1978); *United States v. Thompson*, D.C.App., 347 A.2d 581, 582 n.2 (1975); *Rivers v. United States*, D.C.App., 334 A.2d 179, 182 (1975).

D.C.Code 1973, § 22–2601 defines a prison breach, in relevant part, as follows:

Any person committed to a penal institution of the District of Columbia who escapes or attempts to escape therefrom, or from the custody of any officer thereof or any other officer or employee of the District of Columbia . . . shall be guilty of an offense. . . .

Appellant conceded both in his brief and at oral argument that his failure to return to physical confinement constituted an escape from custody within the meaning of the statute. *Compare Commonwealth v. Hughes*, 364 Mass. 426, 305 N.E.2d 117 (1973) (failure to return from furlough con-

stituted an escape); *State v. Walker*, 131 N.J.Super. 547, 330 A.2d 634 (1974) (same) *with United States v. Person*, 223 F.Supp. 982 (S.D.Cal.1963) (failure to return is not an escape); *Utley v. State*, 258 Ind. 443, 281 N.E.2d 888 (1972) (same). *See generally* Annot., 76 A.L.R.3d 658 (1977 & Supp. 1980). The only question is where the escape took place.

When appellant left Lorton Reformatory and the bus entered the District of Columbia, appellant was not an escapee. All relevant conduct thereafter, until arrest, took place in the District of Columbia. Appellant argues, however, that an escape takes place as a matter of law at the site where appellant is supposed to be in physical custody. Under this theory, appellant's escape was an act of omission: failure to return to his place of confinement. He points out that the territorial situs for a criminal act of omission is the place where the accused has a legal duty to act. W. LeFave & A. Scott, Jr., Criminal Law at 121–22 (1972). It follows, appellant contends, that because he had a duty to return to Lorton, his escape took place in Virginia.

Even if appellant's theory is correct, the facts do not support the result he would have us reach. Appellant does not dispute that when he called Lorton at 8:15 p. m., the corrections supervisor told him to report immediately to a halfway house in the District. At that point, the halfway house became an extension of Lorton Reformatory for purposes of appellant's custody. *See United States v. Venable*, D.C.App., 316 A.2d 857, 858 (1974) (per curiam); *Armstead v. United States*, D.C.App., 310 A.2d 255, 256 (1973). Whatever appellant's legal duty had been prior to this time, as of 8:15 p. m. he had a legal duty to obey the officer and report to the District of Columbia facility. His failure to do so—his criminal act of omission—took place in the District of Columbia.

Appellant's contention that he could have satisfied his legal duty by returning to Lorton on his own, instead of turning himself in to the halfway house, does not lead to a different conclusion. It merely leads to the possibility that appellant could be prosecuted in either Virginia or the District of Columbia. At most, under his theory appellant had a choice of where to return to confinement. By failing to perform his duty in either place, appellant may have subjected himself to criminal prosecution in Virginia [1] or in the District. Subject to double jeopardy limitations, it is possible for more than one territory to have jurisdiction over the same offense. W. LeFave & A. Scott, Jr., *supra* at 126–27; C. Torcia, 1 Wharton's Criminal Law § 14 (14th ed. 1978 & Supp. 1981); *cf. United States v. Lanza*, 260 U.S. 377, 382, 43 S.Ct. 141, 142, 67 L.Ed. 314 (1922) (same act may subject defendant to both state and federal prosecution).

### III.

In *Adair v. United States, supra*, this court rejected the argument appellant makes here that the trial court should have submitted to the jury the question of where the offense took place. In *Adair*, we characterized the question as jurisdictional and, accordingly, "not one of fact for the jury." *Id.* at 290. We are bound by that conclusion. *See M.A.P. v. Ryan*, D.C.App., 285 A.2d 310, 312 (1971).

*Affirmed.*

---

1. *See United States v. Coggins*, 398 F.2d 668 (4th Cir. 1968) (per curiam).