**Charles JAMES, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 82–969.

District of Columbia Court of Appeals.

Argued Sept. 1, 1983.

Decided July 16, 1984.

John Z. Noyes, Washington, D.C., appointed by the court, for appellant.

B. Shipley Thomas, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the briefs were filed, Michael W. Farrell, and Judith Hetherton, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before MACK and FERREN, Associate Judges, and GALLAGHER, Associate Judge, Retired.

MACK, Associate Judge:

On June 7, 1982, after a jury trial, appellant was found guilty of receiving stolen property in violation of D.C.Code § 22–2205 (1981) and acquitted of the alternative charge of petit larceny in violation of D.C. Code § 22–2202 (1981).[1] The charges arose in connection with a purported theft of furniture from the United States House of Representatives. On appeal, appellant raises five grounds upon which he contends his conviction should be reversed: (1) the trial court erred in failing sua sponte to give a precautionary instruction after prejudicial testimony from a government witness was elicited by defense counsel; (2) the trial court improperly limited defense counsel's cross-examination of a government witness; (3) the trial court erred in admitting appellant's statement into evidence; (4) the prosecutor's opening statements were impermissibly prejudicial; and (5) appellant's motions for judgment of acquittal were improperly denied. We find it unnecessary to reach these issues because we hold that the trial court was without jurisdiction to proceed against appellant on the charge of receiving stolen property.[2] Accordingly, we reverse.

The evidence adduced at trial may be summarized as follows: Detective Felice testified that on November 28, 1981, he and other officers went to appellant's apartment in Hillcrest Heights, Maryland and took several photographs therein in connection with an investigation separate from this case.[3] The next witness, Sergeant Clark, testified that he was involved in an investigation concerning the theft of property from the House of Representatives. He stated that he learned appellant was an employee in the Office Supply Section of the House, and that appellant's duties included moving furniture and driving trucks. Sergeant Clark added that information he received about appellant from the Prince George's County police prompted him to request Detective Felice's photographs. Sergeant Clark stated he showed these photographs to Edward Kellaher, the Chief of the Office Supply Section, who identified the furniture as that belonging to the House of Representatives. Thereafter, on December 7, 1981, the police executed a search warrant for appellant's apartment.

---

**1.** The record indicates that appellant was initially charged with grand larceny alone. No explanation is provided as to why that charge was replaced by the mutually exclusive charges of receiving stolen property and petit larceny.

**2.** Appellant's motions for judgment of acquittal before the trial court were premised upon the court's lack of jurisdiction, and this issue is generally raised in appellant's reply brief. In any event, lack of subject matter jurisdiction is not waivable and may be noticed at any time. *Capron v. Van Noorden,* 6 U.S. (2 Cranch) 126, 127, 2 L.Ed. 229 (1804); *see Evans v. Schlein,* 51 A.2d 472, 474 (D.C.1946). For purposes of clarity, appellant's argument before this court that his trial motions for judgment of acquittal were improperly denied is not based upon jurisdictional grounds, but rather upon his contention that the government never proved any property was lost.

**3.** It appears from the record that Detective Felice was photographing a weapon located on the bookcase and bullets on a table.

However, the furniture shown in the photographs was no longer there. Kellaher then testified that in his opinion the furniture in the photographs was unique and belonged to the House of Representatives. He also stated that the furniture was not listed as missing at the last inventory and had not since been reported missing. Finally, he added that appellant had access to the furniture. Appellant was arrested on January 4, 1982.

■ Under D.C.Code § 11–923(b)(1) (1981), "the Superior Court has jurisdiction of any criminal case under any law applicable exclusively to the District of Columbia." We have recently stated that this language is interpreted "to limit the jurisdiction of the Criminal Division of the Superior Court to criminal acts which occur *within* the geographical boundaries of the District of Columbia." *United States v. Baish*, 460 A.2d 38, 40 (D.C.1983) (emphasis added) (citing *Jackson v. United States*, 441 A.2d 1000, 1004 (D.C.1982)); *In re L.M.*, 432 A.2d 692, 695 (D.C.1981); *Mundine v. United States*, 431 A.2d 16, 17 (D.C.1981); *In re A.S.W.*, 391 A.2d 1385, 1390 (D.C.1978). Upon review of the instant record, we conclude that there was no evidence that appellant received stolen furniture[4] in the District of Columbia.

It is true that in other cases where but one act of the criminal offense has occurred in the District of Columbia, we have found the Superior Court to have jurisdiction to prosecute. Thus, for example, in *United States v. Baish, supra*, we held that the Superior Court had jurisdiction to prosecute for the crime of making threats to do bodily harm even absent proof that defendant placed the threatening calls from within the District. The court reasoned that proof that either component of the offense—the utterance of the threat or its communication—occurred within the District, satisfied jurisdictional requirements.

There, the communication was received in the District. 460 A.2d at 41–43. Similarly, in *Adair v. United States*, 391 A.2d 288 (D.C.1978), this court found that jurisdiction existed to prosecute defendant for armed robbery and assault even though part of the injury inflicted upon complainant was sustained in Maryland. Particular acts giving rise to the offense—defendant approached complainant in the District and ultimately returned complainant to the District where defendant threatened him—served to provide Superior Court with a jurisdictional basis. 391 A.2d at 289–90. In addition, in *Jordan v. United States*, 350 A.2d 735 (D.C.1976), jurisdiction to prosecute for robbery properly resided in the Superior Court regardless of the fact that the forcible taking occurred in another state. This court held that robbery "takes on the characteristics of a continuing offense" which was not accomplished until the robbers made "their getaway with the loot." 350 A.2d at 738. Since appellant did not leave the victim until they were within the District, possession of the loot continued through the threat of force thereby providing a basis for jurisdiction. *Id.; see also In re L.M., supra*, 432 A.2d at 695; *Mundine v. United States, supra*, 431 A.2d at 17–18.

■ Unlike the above cases, there is no proof that any element of the crime of receiving stolen property occurred within the District of Columbia. Of course, it may be hypothesized that the property was received by someone inside the District and transported to appellant's home in Maryland. Such supposition, however, cannot lay the predicate for the assertion of jurisdiction here.

One final point must be addressed. Prior to the commencement of the government's case and again at the close of the government's case,[5] appellant's trial coun-

---

4. It bears repetition that the evidence of theft was based entirely on Kellaher's identification of the furniture from the photographs.

5. Appellant presented no evidence at trial in his own behalf.

sel made a motion for judgment of acquittal with respect only to the charge of receiving stolen property. The trial court denied the motion in each instance. In so doing at the conclusion of the evidence, the trial court relied upon a presumption that the crime occurred where it was charged. Undoubtedly, this ruling reflected our statement in *Adair, supra,* that "[i]t is presumed that an offense charged was committed within the jurisdiction of the court in which the charge is filed unless the evidence affirmatively shows otherwise." 391 A.2d at 290. This statement, however, must be read in the context of the facts that *Adair* was addressing—a continuing offense committed by the defendant in two jurisdictions. Moreover, in the instant case, to the extent that there was any affirmative evidence showing appellant's commission of the offense of receiving stolen property it would place the situs in Maryland. There is no proof that any act constituting the offense of receiving stolen property occurred within the District. *See United States v. Baish, supra,* 460 A.2d at 40–41. Indeed, as we have noted in similar contexts, *see id.* at 40; *Jackson v. United States, supra,* 441 A.2d at 1003; *In re A.S.W., supra,* 391 A.2d at 1387, Article III, Section 2, Clause 3 and the sixth amendment of the United States Constitution may require that criminal cases be prosecuted in the state or district where they were committed.

*Vacated.*

GALLAGHER, Associate Judge, Retired, dissenting:

The majority raises sua sponte the jurisdictional question and vacates the judgment of conviction. The only evidence in this case comes from the government as the defendant did not take the stand at trial. I think there was sufficient evidence to establish jurisdiction of the offense and, therefore, I believe this court should have gone on to dispose of the issues raised by appellant on appeal.

He was convicted of receiving stolen property, *viz.,* office furniture belonging to the House of Representatives. There was adequate evidence to show that appellant worked for the House of Representatives in the Office Supply Section; that his duties included driving trucks and moving furniture; the furniture in question belonged to the House of Representatives and was stored in the District; that this furniture was seen in his apartment in Maryland by an officer while on another mission and it later disappeared from his apartment; and that appellant later told an officer that though he did not steal it he "may be able to help [him] get the property back."

At trial, the defendant by motion for judgment of acquittal raised the insufficiency of evidence adequate for conviction of the crime of receiving stolen property. This contention drew into question whether there was adequate evidence that any element of the crime occurred in the District of Columbia. *United States v. Baish,* 460 A.2d 38, 40 (D.C.1983). The trial court denied the motion and the jury later necessarily found there was evidence to prove beyond a reasonable doubt each element of the offense. It must be assumed the jury found the theft of the furniture by someone occurred in the District of Columbia.

I believe the uncontradicted evidence, when viewed in the light most favorable to the government, as it must be, was sufficient to establish jurisdiction of the offense in the trial court. Appellant's counsel conceded at trial that the furniture was stolen. There was strong evidence from which to infer it was stolen in the District. This was adequate to create jurisdiction of the offense. *Id.* Rather than raise lack of jurisdiction sua sponte on this record and vacate the judgment, I would instead proceed to consider the issues raised by appellant on appeal.