NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2919-18T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DERRICK LAWRENCE,
a/k/a DERRICK DOUGLAS,
DEREK D. LAWRENCE,
DERICK LAWRENCE, and
RAJAN LAWRENCE,

    Defendant-Appellant.

_____

APPROVED FOR PUBLICATION

May 14, 2020

APPELLATE DIVISION

Submitted April 22, 2020 – Decided May 14, 2020

Before Judges Koblitz, Gooden Brown and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 17-07-0930 and 17-07-0931.

Joseph E. Krakora, Public Defender, attorney for appellant (Mark Zavotsky, Designated Counsel, on the brief).

Mark Musella, Bergen County Prosecutor, attorney for respondent (William P. Miller, Assistant Prosecutor, of counsel and on the brief; Catherine A. Foddai, Legal Assistant, on the brief).

The opinion of the court was delivered by

MAWLA, J.A.D.

Defendant Derrick Lawrence appeals from a January 18, 2019 order denying his petition for post-conviction relief (PCR). Defendant was confined to the Bergen County Jail work release program for failure to pay child support. When he failed to return by curfew on two occasions, he was indicted on two counts of third-degree escape, N.J.S.A. 2C:29-5(a). Defendant pled guilty to the charges and was subsequently sentenced. We reverse and hold that an individual on work release for contempt of a civil order cannot be charged with the criminal offense of escape.

Defendant entered the work release program in 2014 for failing to pay his child support and arrears obligations. On April 4, 2014, he was released to find work but failed to return by the curfew time and within the allotted two-hour grace period following curfew. This resulted in the first indictment. A week later, defendant was again released to find work, failed to return for a week, and then turned himself in, resulting in the second indictment.

Defendant pled guilty to both charges before the judge who would later hear his PCR petition. The judge accepted the plea and found defendant voluntarily entered into it with the advice of counsel. Defendant was then sentenced to five years of probation, conditioned upon serving 120 days in jail,

in addition to various fines and fees, which the judge required defendant to pay at a rate of ten dollars per month.

In October 2017, defendant was charged with violation of probation because his probation officer was unable to reach him. The violation charge was amended to include a shoplifting charge incurred the same month and defendant's continued failure to pay child support. During this time, probation also learned defendant left for California to attend his father's funeral without permission and failed to make any of the monthly payments for the fines and fees owed. Defendant pled guilty, was sentenced to three years of incarceration to run concurrent with his prior sentences and terminated from probation.

In January 2019, defendant filed the PCR petition, arguing his plea counsel was ineffective because he failed to argue N.J.S.A. 2C:29-5(a) did not apply to defendant. As a result, he asserted his plea was neither voluntary, nor knowing, and his sentence was illegal. The judge denied the petition without an evidentiary hearing, reaffirming his finding that the plea was voluntary and knowing. The judge also concluded defendant's failure to return to the Bergen County Jail met the statutory elements for escape, because his confinement on work release constituted "official detention" pursuant to N.J.S.A. 2C:29-5(a). Therefore, the judge concluded defendant was sentenced in accordance with

the law and his plea counsel was not ineffective for failing to assert the novel argument that a person on work release for non-payment of child support could not be charged with escape. The judge also noted defendant failed to raise this argument on appeal in which he only challenged his sentence as excessive.

On this appeal, defendant raises the following points:

POINT I – DEFENDANT'S PETITION FOR POST CONVICTION RELIEF SHOULD NOT BE BARRED BECAUSE THE CLAIM THAT THE JUDGE MISAPPLIED THE LAW IN ACCEPTING HIS PLEA AMOUNTED TO AN ILLEGAL SENTENCE, OR IN THE ALTERNATIVE, INVOLVED INACTION WHICH WAS NOT PART OF THE RECORD FOR THE APPELLATE REVIEW.

POINT II – THE SENTENCE IMPOSED ON DEFENDANT WAS ILLEGAL AND THEREFORE VOID.

POINT III – DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF TRIAL COUNSEL AT THE PLEA STAGE OF THE PROCEEDINGS FOR AFFIRMATIVELY MISADVISING HIM THAT HE WAS SUBJECT TO THE ELEMENTS OF ESCAPE, AND BY FAILING TO MOVE TO DISMISS THE INDICTMENT LEAVING HIM NO VIABLE ALTERNATIVE BUT TO ENTER A GUILTY PLEA.

    A.    APPLICABLE LAW

    B.    COUNSEL WAS INEFFECTIVE FOR MISADVISING THE DEFENDANT THAT HE WAS SUBJECT TO N.J.S.A. 2C:29-5A, AND FOR NOT MOVING TO DISMISS THE INDICTMENT, THEREFORE DEFENDANT

4

WAS PREVENTED FROM HAVING ENTERED A KNOWING AND INTELLIGENT PLEA.

"Post-conviction relief is New Jersey's analogue to the federal writ of habeas corpus." State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)). The process affords an adjudged criminal defendant a "last chance to challenge the fairness and reliability of a criminal verdict." State v. Nash, 212 N.J. 518, 540 (2013).

"[W]here the [PCR] court does not hold an evidentiary hearing, we may exercise de novo review over the factual inferences the trial court has drawn from the documentary record." State v. O'Donnell, 435 N.J. Super. 351, 373 (App. Div. 2014). We review a PCR court's legal conclusions de novo. State v. Harris, 181 N.J. 391, 415-16 (2004) (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)).

Rule 5:7-5(a) addresses enforcement of child support judgments and provides as follows:

> If a person fails to make payments . . . as directed by an order or judgment, the Probation Division responsible for monitoring and enforcing compliance shall notify such person by mail that such failure may result in the institution of Relief to Litigant proceedings in accordance with [Rule] 1:10-3 and [Rule] 5:3-7(b). Upon the accumulation of a support arrearage equal to or in excess of the amount of support payable for [fourteen] days . . . as ordered, the Probation Division shall file a verified statement

setting forth the facts establishing disobedience of the order or judgment. The Probation Division may then, on the litigant's behalf, apply to the court for relief in accordance with [Rule] 1:10-3 and [Rule] 5:3-7(b).

Rule 5:3-7(b) states: "On finding that a party has violated . . . [a] child support order the court may, in addition to the remedies provided by [Rule] 1:10-3, grant any of the following remedies, either singly or in combination: . . . (6) incarceration, with or without work release."

Based on our research, Bergen County stands alone in affording a work release option in cases involving child support contemnors.[1] Work release is authorized pursuant to N.J.S.A. 30:8-44, which states:

> In any county in which the governing body, by ordinance or resolution, as appropriate, approves the application of this act and designates a county work release administrator who may be the sheriff, warden or other person, a person convicted of any offense, except as otherwise provided in section 2 of P.L.1994, c.153 (C.30:8-44.1) and sentenced to the county jail, workhouse or penitentiary of the county or a person incarcerated in the county jail, workhouse or penitentiary pursuant to the Rules of Court for contempt of an order or judgment issued by the Superior Court, Chancery Division, Family Part may be placed at outside labor or permitted to attend a vocational training course operated or sponsored by a public or private agency in the county by order of the

---

[1] Adhering to the Supreme Court's ruling in Pasqua v. Council, 186 N.J. 127, 153 (2006), the Bergen County Family Division also appoints counsel, retained by the County, for indigent litigants facing coercive incarceration in contested child support enforcement hearings.

court by which the sentence or order of incarceration was imposed, or by the assignment judge of the county in which the sentence or order of incarceration was imposed, at the time such person is sentenced or incarcerated or at any time thereafter during the term of the sentence or term of incarceration. A work release order may include permission for release from confinement during specified hours to care for the offender's family. Such order may be revoked by the court which granted it at any time.

[(Emphasis added).]

N.J.S.A. 2C:29-5(a) defines escape as follows:

A person who commits an offense if he without lawful authority removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period. "Official detention" means arrest, detention in any facility for custody of persons under charge or conviction of a crime or offense . . . or any other detention for law enforcement purposes; but "official detention" does not include supervision of probation or parole, or constraint incidental to release on bail.

Pursuant to the Model Penal Code,

. . . "official detention" from which escape will be punished . . . includes "arrest, detention in any facility for custody of persons under charge or conviction of crime or alleged or found to be delinquent, detention for extradition or deportation, or any other detention for law enforcement purposes." It seems plain that the offense of escape should be extended to delinquency, extradition, and deportation proceedings and that the process from arrest through conviction and service of an institutional sentence should be included. <u>The phrase "any other detention for law enforcement</u>

purposes" is meant to take account of the diversity of institutional facilities employed in modern penology. The definition specifically excludes, however, "supervision of probation or parole, or constraint incidental to release on bail." Bail jumping is separately treated in Section 242.8, while conditional release on probation or parole carries its own sanctions.

[Model Penal Code § 242.6 cmt 3 at 264 (Official Draft and Revised Comments 1962) (1980 ed.) (emphasis added).]

Our Supreme Court stated:

. . . The primary goal in construing any statute is to divine the Legislature's intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). As always, we begin by examining the actual words of the statute, giving them their ordinary and commonsense meaning. Ibid. If the meaning of those words on their face is clear enough to yield the answer, we look no further. Ibid. Only if the statutory language is susceptible to "more than one plausible interpretation" do we turn to such extrinsic aids as legislative history for help in deciphering what the Legislature intended. Id. at 492-93.

Moreover, . . . when interpreting a criminal statute, ambiguities that cannot be resolved by either the statute's text or extrinsic aids must be resolved in favor of the defendant. United States v. Bass, 404 U.S. 336, 348 (1971) ("[W]here there is ambiguity in a criminal statute, doubts are resolved in favor of the defendant."); State v. Reiner, 180 N.J. 307, 318 (2004) ("When the text of a statute and extrinsic aids do not enlighten us satisfactorily concerning the Legislature's intent, our obligation is to construe the statute strictly, against the State and in favor of the defendant."); see also State v. Froland, 193 N.J. 186, 194 (2007).

[State v. Gelman, 195 N.J. 475, 482 (2008).]

As the Court noted in Pasqua, enforcement proceedings for the collection of child support are brought under Rule 1:10-3. 186 N.J. 140-41. "[A] proceeding to enforce litigants' rights under Rule 1:10-3 'is essentially a civil proceeding to coerce the defendant into compliance with the court's order for the benefit of the private litigant' and 'incarceration may be ordered only if made contingent upon defendant's continuing failure to comply with the order.'" Id. at 140 (quoting Essex County Welfare Bd. v. Perkins, 133 N.J. Super. 189, 195 (App. Div. 1975)).

There is no evidence the Legislature intended to apply N.J.S.A. 2C:29-5(a) to a defendant on work release for contempt in a civil proceeding. The statute has only been applied to a defendant who left work release without authorization where the defendant was serving a criminal sentence. See State v. Walker, 131 N.J. Super. 547, 548 (App. Div. 1974). Moreover, resort to extrinsic sources such as the Model Penal Code, does not support the conclusion that confinement subject to work release for the failure to pay child support is "for law enforcement purposes." Indeed, coercive confinement for child support purposes is for the benefit of the payee on behalf of the child(ren), and subjecting a delinquent obligor to criminal punishment only impedes the receipt of support.

A-2919-18T2

Therefore, defendant could not be charged with escape pursuant to N.J.S.A. 2C:29-5(a), and his plea to the offense was void as a matter of law. For these reasons, we vacate defendant's convictions for escape and remand for re-sentencing on the non-escape related offenses.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2919-18T2